**STATE, ex rel SHAKER SQUARE CO. and THE STOUFFER CORP., Plaintiff, v. GUION, Individually and as Bldg Comm. et., etc., Defendants, SOLOMON, Defendant and Cross-Petitioner.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23238.   Decided October 2, 1957.

Baker, Hostetler & Patterson, McConnell, Blackmore, Cory, Burke & Kundtz, for plaintiff.

William D. Guion, individ. and as Building Comm., and John Rohrich et al., individ. and as members of the Board of Zoning Appeals: Ralph S. Locher, Director of Law, Joseph H. Crowley, Chief Counsel, J. Arthur Began, Asst. Dir., of Law, and Daniel J. O'Laughlin, Asst. Dir., of Law, for defendants.

Helen B. Solomon, Frank Solomon, Jr., for defendant and Cross-Petitioner.

(HUNSICKER, PJ, DOYLE, J, of the Ninth District, and GRIFFITH, J, of the Seventh District, sitting by designation in the Eighth District.)

## OPINION

By HUNSICKER, PJ.:

This is an original action in mandamus.

The action seeks to compel the issuance of a permit to The Shaker Square Company, herein called "company," authorizing the construction, use and operation of a parking lot on premises owned by the company. This parking lot is proposed to be used by The Stouffer Corporation, herein called "Stouffer," in conjunction with the operation of the Stouffer restaurant located at Shaker Square in the city of Cleveland, Ohio.

The defendants are the members of the Board of Zoning Appeals of the city of Cleveland, the Building Commissioner of that city, and an intervening owner of land in the neighborhood and within the same use district as the proposed parking lot.

The company bought, on March 20, 1953, a vacant lot at the corner of Kemper Road and Cormere Avenue, Cleveland, Ohio. At the time of purchase, they knew it was zoned for one-family residence purposes.

Directly across Cormere Avenue, the company owns land in a district zoned for multifamily use. This land abuts a district zoned for general retail use, in which is located the Stouffer restaurant and other retail establishments. Some of the lands in the multifamily district, which lie immediately behind the Stouffer restaurant, are devoted to nonconforming uses conducted as a parking lot and two parking garages.

These uses existed prior to the adoption of the Cleveland zoning plan. The parking lot is used by Stouffer, and the garages by the residents of the multifamily dwellings, known as Moreland Apartments, although Stouffer also parks patron's and employees' cars in the garages.

Stouffer has an oral lease of this lot at the corner of Cormere Avenue and Kemper Road, and wishes to use it as additional parking space for the automobiles of its restaurant patrons.

Application was made to William D. Guion, the Building Commissioner of Cleveland, for a permit to construct, on the land in question, a parking lot. This application was refused. An appeal was then taken to the Board of Zoning Appeals of the city of Cleveland. This board, on November 2, 1953, entered the following order with respect to the application for a parking lot permit:

"WHEREAS, Shaker Square Company, owner, and the Stouffer Corporation, lessee, appealed from the decision of the Commissioner of Buildings for permission for an eight-year permit to construct a private parking lot for 66 cars of appellant's patrons on the 111' x 103' corner lot located in an A-Dwelling House District on the northwest corner of Cormere Avenue and Kemper Road not in conformity with the residence limitations of Section 5.1107 (981-6) (a) 1, but possible under the off-street parking provisions of Section 5.1119 (981-16 [d]) of the Municipal Code.

"WHEREAS, this vacant corner lot fronts on the west side of Kemper Road and extends about 120 feet west on the north side of Cormere Avenue and has a 50-foot setback from Kemper Road and a 5-foot setback from Cormere Avenue.

"WHEREAS, after public notice and written notice mailed to 18 directly affected property owners, public hearings were held on October 19 and November 2, 1953.

"WHEREAS, after due consideration of the testimony submitted at

the said hearing the Board finds that the permit should be conditionally granted for the following reasons:

"1. Local conditions and the need of the community justify the Board in making the exception requested.

"2. The granting of the permit will not be harmful to neighboring properties or to their occupants.

"3. The refusal of this permit would work an unreasonable hardship upon the owner with no corresponding gain to the community, now, therefore,

"BE IT RESOLVED, that the decision of the Commissioner of Buildings heretofore rendered in the within matter be and the same is hereby reversed and the permit appealed for is granted in accordance with the sketch submitted and with the requirements of Section 5.1119 (c) of the Municipal Code on condition that the lot be closed after 8:00 p. m. each night and all day Sunday."

On November 9, 1953, the Board of Zoning Appeals granted a rehearing of its approval of the appeal lodged by the company and Stouffer. Thereafter, after a rehearing held on November 23, 1953, the Board of Zoning Appeals entered the following order with reference to this appeal:

"On motion by Mr. Kreinberg, seconded by Mr. Robrich, the previous favorable decision was reconsidered and reversed and the following resolution was adopted.

"WHEREAS, Shaker Square Company, owner, and the Stouffer Corporation lessee, appealed from the decision of the Commissioner of Buildings for permission for an eight-year permit to construct and use a parking lot for 66 cars of appellant's patrons on the vacant parcel of land located in a A-One-Family District at the northwest corner of Cormere Avenue and Kemper Road not in conformity with the residence limitations of Section 5.1107 (a), but possible by special permit under the off-street parking provisions of Section 5.1119 (d), said parking lot to observe the setback building line of 50 feet on Kemper Road and 5 feet on Cormere Avenue as required by Sections 5.1154 (a) and (c) and 5.1153 (a) of the Municipal Code.

"WHEREAS, this vacant lot fronts about 140 feet on the west side of Kemper Road and extends west about 200 feet along the north side of Cormere Avenue, is 103 feet wide along the rear lot line and 207 feet long along the north lot line and is across Cormere Avenue from the parking lot of the appellant's granted by the Board in Calendar No. 51-478.

"WHEREAS, after public notice and written notice mailed to 18 directly affected property owners, a public rehearing was held on November 23, 1953.

"WHEREAS, after due consideration of the testimony submitted at the hearing, the Board finds that the permit granted November 2, 1953, should be reconsidered and rescinded and should be refused for the following reason:

"The Board is without authority to grant the permit under Section 5.1119 (c) or under Section 5.1119 (d) of the Municipal Code, since the lot is not adjoining or across the street from a nonresidence district and the enterprise which creates the need for the added parking space is not in the same use district in which the lot is located.

"BE IT RESOLVED, that the decision of the Board of Zoning Appeals heretofore rendered in the within matter be and the same is hereby reconsidered and reversed and the permit appealed for is refused."

After the Board of Zoning Appeals adopted the resolution of reconsideration denying the permit as above set out, the company and Stouffer as joint relators, filed this action in mandamus to compel the defendant city officials to issue the permit for the construction, use and operation of the parking lot in question.

The action sought herein is defined in §2731.01 R. C., as follows:

"Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station."

In **State, ex rel. Butram, v. Industrial Comm., 124 Oh St 589, at p. 595,** the court said:

"Mandamus can be invoked to compel an officer to exercise a discretion, but can never be invoked to direct the manner of its exercise."

The writer of this opinion has questioned the propriety of this action in mandamus, but in the light of the recent Supreme Court pronouncement in the Gottfried case, post, an examination will be made of the problem as presented by counsel, even though the factual situations are not similar.

In the instant case we are not dealing with a void zoning ordinance which would leave the property without any control, but we are dealing with a zoning ordinance whose validity we believe cannot be seriously questioned in the respects that relators now seek to allege its invalidity.

The Supreme Court of Ohio, in the case of **State, ex rel., Selected Properties, Inc., v. Gottfried et al, 163 Oh St 469,** said:

"1. If a zoning ordinance of a municipality does not contain sufficient criteria or standards to guide the administrative officer or tribunal in the exercise of the discretion vested in it, such enactment is unconstitutional and invalid.

"2. A municipal zoning ordinance which provides merely that the use of property for a gasoline and oil filling station in a retail business district is allowed only in accordance with the provisions of a variance permit issued by the Board of Appeals is unconstitutional and void for want of standards or criteria for the guidance of such administrative tribunal and for the protection of citizens."

And at page 475, the court further stated:

"Since the parties have agreed and stipulated that if the questioned section of the ordinance is invalid there is a clear mandatory duty to issue the requested permit and since the validity of an ordinance of their municipality is of public and general interest to the citizens of Parma, the controversy presents a typical situation for use of the remedy of a writ of mandamus, which, under the common law as restated by §2731.01 R. C., commands the performance of an act specifically enjoined by law as a duty resulting from an office, trust or station."

The company and Stouffer say to this court that, since the Board of Zoning Appeals exercised its discretion and ordered the issuance of the permit and determined that the Building Commissioner was in error

when he denied the parking lot permit, the later rescinding of the order for such permit, after a rehearing by the Board of Zoning Appeals, was a nullity.

Relators insist that the first order granting the parking lot permit is the only valid order with reference to the use of the lot in question herein; and that the reason stated in the reconsideration order is erroneous, inasmuch as there does exist, in the charter and zoning ordinances of the city of Cleveland, express authority to allow a use variance as to the lot in this case; and hence this court should grant the order of mandamus.

A master commissioner was appointed to take testimony, and, in addition to the testimony and the many exhibits offered by the parties, there were a number of stipulations, by the litigants, presented for our examination.

The evidence is in conflict as to the need for additional parking facilities at Shaker Square; however, as to the Stouffer restaurant, there was demonstrated a need for more parking space in the immediate vicinity. In addition, there is confusion and traffic tie-ups on Cormere Avenue opposite the present parking facility, which surely would be eased if some way could be found to provide additional space.

We have herein, however, primarily only a legal question that poses the problem of authority, under the charter and zoning ordinance, to create a variance in behalf of the company and Stouffer with reference to the lot at the northwest corner of Cormere Avenue and Kemper Road.

The Board of Zoning Appeals has only such authority as is granted to it by the charter and the zoning ordinance. Section 76-6 (b) of the charter of the city of Cleveland provides that the Board of Zoning Appeals "shall * * * hear and decide appeals made for exceptions to and variations in the application of ordinances governing zoning * * * in conformity with the purpose and intent thereof * * *."

The general charter provision for zoning does not enlarge the above-named power.

There is nothing in the size or location of the lot under question herein that makes it a peculiar or hardship situation. It is subject to development for a single-family dwelling, as zoned by the ordinance, not alone as to size, but it would, as thus developed, fit into the surrounding community, although such neighborhood is primarily a multi-family or apartment neighborhood.

We have heretofore stated generally that the question of invalidity of the zoning ordinance herein, as it applies to provision for off-street parking, cannot be seriously questioned in this action. Stouffer has a nonconforming parking lot which was in existence before the zoning regulations were adopted. It also has an additional parking facility by reason of the action of the Board of Zoning Appeals. This facility is nonconforming only because this Board, in the proper exercise of its discretion, has granted a permit for such use. This exception arises from the very ordinance Stouffer now wishes to declare invalid. Suffice it to say that the zoning ordinance does make provision for off-street parking, and for permitted variances in certain use districts.

We turn now to an examination of the zoning ordinance, and especially to those sections which the company and Stouffer say grant express power to provide the parking facility sought in this case.

Sec. 5.1119 (c) and (d) of the Zoning Ordinance says:

"(c) Parking Lots. When in its opinion the best interests of the community will be served thereby, the Board of Zoning Appeals may permit temporarily or permanently the use of land in a Residence District other than a Limited One-Family District for a parking lot where the land abuts or is across the street from a District other than a Residence District * * *."

"(d) Public Parking Lots and One-Story Garages. The Board of Zoning Appeals may, after public notice and hearing and subject to appropriate conditions and safeguards, permit the location of a public parking lot or one-story public garage in a Residence District provided the Board finds there is need for such facility to serve the permitted uses in said District."

In subsection (c) above, the use of land for a parking lot is restricted to land in a "Residence District * * * where the land abuts or is across the street from a district other than a Residence District * * *." The term "Residence District," under Sec. 5.1105 (a), includes a multifamily district.

The evidence herein is that the lot which the company and Stouffer wish to use as a parking lot is across from a multifamily use district, even though it presently is a nonconforming parking lot.

In subsection (d) above, the location of a public parking lot may be placed in a "Residence District provided the Board finds there is need for such facility to serve the permitted uses in said District."

Thus, again there is a limitation of power, preventing the Board of Zoning Appeals from acting except where a residence district needs the additional parking facility. In this case, the use district which needs additional parking facilities is that occupied by Stouffer, a general retail use district.

Our examination of the pertinent sections of the zoning ordinance does not disclose any power by which the Board of Zoning Appeals could presently, by way of variance or otherwise, lawfully grant the requested change in the use of the lot at the northwest corner of Cormere Avenue and Kemper Road, even though such a change would be helpful to an already overloaded parking facility.

Coming now to the second amended answer of Helen B. Solomon to the petition as amended, and the specific requests for relief set out therein, this court believes that all matters which could properly be determined have been concluded by the matters discussed above.

The request for a perpetual injunction as prayed for by Helen B. Solomon is denied, and the additional requests, in her second amended answer to the petition as amended, for a declaration of uses, scope and substance of terms, and a declaration with respect to evidence, are each and all denied.

In the light of this opinion and the conclusions reached by this court, it is not necessary to pass on any of the several motions made by the parties during the course of the trial.

Counsel for the city of Cleveland shall prepare and submit a journal entry in accord with the rules of court, showing court costs assessed against relators, The Shaker Square Company and The Stouffer Corporation.

The writ of mandamus sought herein is denied.

DOYLE, J, GRIFFITH, J, concur.