OPINION
In this Opinion we address two interrelated appeals. In two separate Judgment Entries, each dated August 28, 1998, the Delaware County Court of Common Pleas entered Judgment against John T. Barton and Rea A. Doenges-Barton (hereinafter "appellants"), and in favor of appellee, Village of Powell Board of Zoning Appeals.
 STATEMENT OF THE CASE AND FACTS
This case arises out of a dispute over the condition of the appellants' property. On November 6, 1997, the Zoning Administrator of the Village of Powell served a notice of zoning violations on appellants. The alleged violations included:
1) the storage of junk in violation of Section 1145.08 of the Powell Code;
2) construction of a fence along the south property line and southeast portion of the front yard without a zoning certificate and certificate of appropriateness from the Historic District Commission in violation of Section 1145.33(c) of the Powell Code;
3) construction of a solid fence on the south property line and along the southeast portion of the front yard in violation of Section 1145.33(e)(1) of the Powell Code; 40 construction of dirt mounds which interfere with the surface drainage in violation of Section 1145.25 of the Powell Code; and
4) construction of a driveway without obtaining a zoning certificate in violation of 1135.02(a) of the Powell Code.
On December 5, 1997, the appellants filed a Notice of Appeal with the Village of Powell Board of Zoning Appeals. On February 10, 1998, the Board held a hearing at which appellants appeared and presented evidence. At the conclusion of the hearing, the Board announced its decision upholding violations. The Board memorialized this decision in a February 26, 1998 Decisions and Findings Entry. Appellants filed a Notice of Appeal with the Court of Common Pleas of Delaware County on March 24, 1998. On May 22, 1998, appellants filed a motion requesting the right to present additional evidence. The trial court denied this motion on June 2, 1998. In a Judgment Entry dated August 28, 1998, the trial court affirmed the decision of the Village of Powell Board of Zoning Appeals. On May 7, 1998, while the administrative appeal was pending, The Village of Powell Board of Zoning Appeals filed a complaint in the Delaware County Court of Common Pleas against appellants, seeking a preliminary and permanent injunction for the same zoning violations discussed above. On May 29, 1998, the trial court held a hearing on the preliminary injunction. Via Judgment Entry dated June 4, 1998, appellee's motion for preliminary injunction was denied, however, the matter proceeded to trial August 5, 1998. At trial, the parties stipulated to the admissibility of all of the evidence admitted at the hearing on the preliminary injunction held May 29, 1998. On August 28, 1998, the trial court entered its Decision and Final Judgment Entry which granted appellees a permanent injunction and ordered appellants to do the following:
1. Return the excavated driveway area to its original contour and topographical shape and to seed the area with grass seed;
2. Remove all plywood from the side yard and the side yard to a point even with the back corner of the house. Remove all dirt mounding in that area above six inches and appropriately seed and landscape;
3. Remove all dirt mounding that is not within the so called garden boxes that are at the rear of the house. All mounding and garden boxes shall have appropriate drainage pipes to allow proper surface drainage;
4. Remove all objects and items that are unable to be stored in the sheds or house. This includes the air conditioners, brick, trellises, wire mesh, lumber, old windows or screens, cement blocks, the entire contents contained in the dog run and the pile of stone or gravel and pallets. All loose items shall be considered trash or debris and shall be disposed of. Any issues as to what is "junk" shall be determined by the zoning inspector.
Appellants timely filed two notices of appeal; one for each of the August 28, 1998 Judgment Entries. In Case No. 98CA-E-09-045, the appeal from the trial court's grant of injunctive relief, appellant assigns the following as error:
 I. THE COURT ERRED IN FINDING ALL OBJECTS AND ITEMS STORED OUTSIDE OF ANY BUILDING TO BE JUNK AND DIRECTING THAT THEY BE STORED IN THE SHEDS OR THE HOUSE OR TO BE DISPOSED OF.
 II. THE COURT ERRED IN FINDING THAT THE STRUCTURE ALONG THE SOUTH AND EAST PROPERTY CONSTITUTES A FENCE AS DEFINED BY 1145.33(a)(1) OF THE VILLAGE OF POWELL ZONING ORDINANCES AND DIRECTING THE APPELLANT TO REMOVE THE PLYWOOD STRUCTURE ALONG THE EAST PROPERTY LINE AND SOUTH PROPERTY LINE BACK TO A POINT EVEN WITH THE BACK CORNER OF THE HOUSE.
 III. THE COURT ERRED IN FINDING THAT THE EXCAVATION ALONG THE NORTH PROPERTY LINE OF THE APPELLANTS LOT WAS DONE IN VIOLATION OF 1135.02(a) OF THE CODIFIED ORDINANCES OF THE VILLAGE OF POWELL AND IN ORDERING THE APPELLANT TO RETURN THE EXCAVATED AREA TO ITS ORIGINAL CONTOUR AND TOPOGRAPHICAL SHAPE AND TO SEED THE AREA WITH GRASS SEED.
 IV. THE COURT ERRED IN ORDERING THE APPELLANT TO REMOVE ALL DIRT MOUNDING ABOVE SIX INCHES IN THE AREA KNOWN AS THAT PORTION OF THE GARDEN BOXES IN FRONT OF (EAST) OF THE BACK CORNER OF THE HOUSE.
In Case No. 98CA-E-09-046, the administrative appeal, appellants assign the following errors:
 I. THE COURT ERRED IN DENYING THE APPELLANT'S MOTION REQUESTING THE RIGHT TO PRESENT ADDITIONAL EVIDENCE AT THE TIME OF THE ADMINISTRATIVE HEARING.
 II. THE TRIAL COURT ERRED IN FINDING THAT THE DECISION OF THE BOARD OF ZONING APPEALS FOR THE VILLAGE OF POWELL THAT THE APPELLANTS WERE STORING JUNK ON THEIR PROPERTY IN VIOLATION OF 1145.08 OF THE CODIFIED ORDINANCES OF THE VILLAGE OF POWELL WAS NOT UNCONSTITUTIONAL, ILLEGAL, ARBITRARY, CAPRICIOUS OR UNREASONABLE.
 III. THE TRIAL COURT ERRED IN FINDING THAT THE DECISION OF THE BOARD OF ZONING APPEALS FRO THE VILLAGE OF POWELL THAT THE STRUCTURE ERECTED ALONG THE SOUTH PROPERTY LINE AND SOUTHEAST PORTION OF THE FRONT YARD CONSTITUTES A FENCE WITH THE MEANING OF 1145.33(a)(1) OF THE CODIFIED ORDINANCES OF THE VILLAGE OF POWELL AND HENCE MUST BE REMOVED BECAUSE A CERTIFICATE OF APPROPRIATENESS HAS NOT BEEN OBTAINED THEREFORE WAS NOT UNCONSTITUTIONAL, ILLEGAL, ARBITRARY, CAPRICIOUS OR UNREASONABLE.
 IV. THE TRIAL COURT ERRED IN FINDING THAT THE DECISION OF THE BOARD OF ZONING APPEALS OF THE VILLAGE OF POWELL THAT THE AREA ALONG THE NORTH PROPERTY LINE CONSTITUTES A DRIVEWAY WHICH HAS BEEN CONSTRUED WITHOUT A ZONING CERTIFICATION IN ACCORDANCE WITH THE PROVISIONS OF 1135.02 OF THE CODIFIED ORDINANCES OF THE VILLAGE OF POWELL WAS NOT UNCONSTITUTIONAL, ILLEGAL, ARBITRARY, CAPRICIOUS, OR UNREASONABLE.
 V. THE TRIAL COURT ERRED IN FINDING THAT THE DECISION OF THE BOARD OF ZONING APPEALS FOR THE VILLAGE OF POWELL THAT THE DIRT MOUND INTERFERED WITH SURFACE DRAINAGE AND MUST BE REMOVED WAS NOT UNCONSTITUTIONAL, ILLEGAL, ARBITRARY, CAPRICIOUS OR UNREASONABLE.
Because several of these assignments of error are interrelated, we address them together when possible.
 I
In the first assignment of error in the appeal from the administrative proceedings, appellants argue the trial court erred in denying their motion to present additional evidence at the time of the administrative hearing. Appellants argue they should have been permitted to present additional evidence for four reasons: 1) the transcript did not contain a report of all evidence admitted or proffered by the appellant; 2) appellant, Mr. Barton, was not permitted to present all of his position, arguments and contentions at the hearing; 3) appellant, Mr. Barton, was not permitted to cross examine witnesses purporting to refute his position, arguments and contentions at the hearing, and 4) certain testimony adduced at the hearing was not given under oath.
We do not agree. R.C. 2506.03 provides in pertinent part: (A) The hearing of such appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:
* * *
 (2) The appellant was not permitted to appear and be heard in person, or by his attorney, in opposition to the final order, adjudication, or decision appealed from, and to do any of the following:
(a) Present his position, arguments, and contentions;
(b) Offer and examine witnesses and present evidence in support;
* * *
(3) The testimony adduced was not given under oath;
* * * (Emphasis added).
When an administrative agency, such as a Board of Zoning Appeals, acts in a quasi-judicial capacity in hearing an appeal, it must administer oaths to witnesses. See R.C. 2506.03(A)(3). The failure to administer oaths is error; however, if a timely objection is not made, this error is waived throughout the entire proceedings, including the appellate level. Zurow v. Cleveland (1978), 61 Ohio App.2d 14. A review of the February 10, 1998 transcript indicates the witnesses were administered an oath. We note the oath was administered to witnesses as a group. It is, therefore, ambiguous from the face of the transcript exactly which witness were sworn in. However, appellant made no objection. Accordingly, any failure to administer an oath was waived. Further, appellant argues he was prevented from adequately questioning his witnesses and presenting his position. We do not agree. Our review of the transcript indicates appellant was provided an opportunity to question and cross examine witnesses and to present a statement on his own behalf. Based on the foregoing, we find no error in the trial court's decision to deny the presentation of additional evidence.
 II
In the following sections, we address appellants parallel assignments of error from the administrative appeal and from the appeal from the grant of injunctive relief. In each of the remaining administrative appeal assignments, appellants argue the trial court erred in affirming the decision of the Board of Zoning Appeals because the decision of the Board was unconstitutional, illegal, arbitrary, capricious and/or unreasonable. Our standard for reviewing a decision of the trial court in an administrative appeal pursuant to R.C. Chapter 2506 is to review the record and the legal determinations of the common pleas court to determine whether, as a matter of law, the trial court's decision is supported by a preponderance of substantial, reliable, and probative evidence. Whiteco Outdoor Advertising v. The Violet Twp. Bd. of Zoning Appeals (March 26, 1997), Fairfield App. No. 96CA70, unreported, at 2. Accordingly, we use this standard when reviewing each attack on the trial court's decision in the administrative appeal. In the appeal from the trial court's grant of injunctive relief, appellants make two arguments within each assignment of error. First, appellants argue the trial court erred in finding a violation of the zoning ordinance. Second, appellants argue the trial court erred in ordering appellants to take actions to remedy those problems. We address the assignments of error by subject matter.
JUNK, Appellant contends the trial court erred in finding the objects and items stored on his property to be "junk," and ordering they be stored in sheds, in the house, or disposed of. In the appeal on the administrative proceedings, appellant argues it was error to not find the decision of the Board of Zoning Appeals was unconstitutional, illegal, arbitrary, capricious or unreasonable as it related to the "junk". At the administrative hearing held February 10, 1998, David Betz, the Director of Development for the Village of Powell, testified the items on appellants' property were "junk." Tr. at 8, 31-36. Appellants property was replete with various items; some in piles and some neatly stacked. These items included bricks, landscape timbers, guttering, trellises, pallets, scrap wood, concrete blocks and an old air conditioner. Section145.08 of the Zoning Code of the Village of Powell defines "junk" as: "the accumulation or storage of junk, junk vehicles, disabled or inoperative machinery or equipment, vehicles or machine parts, rags, or any other discarded objects or debris defined as junk in the Ohio Revised Code." R.C. 4737.05 defines the term "junk" as: "[o]ld or scrap copper, brass, rope, rags, trash, waste, batteries, paper, rubber, iron, steel, and other old or scrap ferrous or nonferrous materials, but does not include scrap tires as defined in section 3734.01 of the Revised Code." We have reviewed the record, including the transcript of the hearing, the transcript of the trial, and the pictures of the property attached as exhibits. We find the decision of the trial court was supported by the preponderance of substantial, reliable, and probative evidence of record and therefore, appellant's second assignment of error from the administrative appeal is overruled. In the appeal from the trial court's award of injunctive relief, appellants maintain the trial court erred in ordering the removal of the "junk." We agree with the trial court in that: [a]ny materials not incorporated into a building within a reasonable period of time certainly can be considered trash or scrap materials, which fall under the definition of junk. The evidence shows these materials have been in pace in the yard for quite a period of time and have not been incorporated into any structure. The collective body of the board certainly can determine what is "junk" particularly if the materials are left exposed to the elements over a substantial period of time.
Because we find the items on appellants' property fall within the definition of "junk," supra, the trial court did not err in ordering appellants to return the property to a lawful condition. Appellants' first assignment of error from the award of injunctive relief is overruled.
FENCE, Appellants next contend the trial court erred in finding the "structure" along the south and east property lines of their property constitutes a "fence" as defined in Section 1145.33(A)(1) of the codified ordinances of the Village of Powell. Further, appellants contend the trial court erred in directing appellants to remove said structure. While there was testimony before the Board of Zoning Appeals and before the trial court the structure around appellants' property was a fence, appellants contend it was a "flower box," and therefore does not fall within the statutory definition of "fence." The ordinance in question provides in pertinent part: "any structure, regardless of its composition, including a wall, that is erected in such a manner or position so as to enclose, partially enclose, or divide any property or part thereof from a joining premises * * * shall be considered a fence." Powell Code Section 1145.33(a)(1). The codified ordinances requires any person erecting a fence to obtain a permit and pay a fee. Powell Code Section 1145.33(c). Appellants concede they neither obtained a permit nor paid a fee, but argue the structure around the property does not constitute a fence. We disagree. At trial, David Betz testified about the condition of appellants' property. Mr. Betz presented photographs he took of appellants' property from February 10, 1998, through the date of trial (May 29, 1998). After reviewing the definition of fence, supra, Mr. Betz characterized the structure around appellants' property as a fence. Mr. Betz presented similar testimony at the February 10, 1998 hearing before the Board of Zoning Appeals. We have reviewed the photographs of the structure in question and agree the structure constitutes a fence under the statutory definition, supra. As the trial court stated: The height of some of the plywood barriers would not permit someone easy access and therefore enclose part of the property. * * * The Court cannot imagine what would be defined as a fence if plywood dividers, in excess of 6-8 inches are not a fence. * * * This Court certainly cannot set an arbitrary measurement in height to determine what encloses a property and what does not.
We find the trial court's affirmance of the decision of the Board of Zoning Appeals is based on a preponderance of reliable, probative and substantial evidence. With regard to the appeal from the permanent injunction, we find no error in the trial court's ordering appellants to return the property to a lawful condition. Accordingly, appellants' assignments of error regarding to the "fence" are overruled.
 DRIVEWAY
In the assignments of error regarding the driveway, appellants argue the trial court erred in finding the excavation on appellants' property was a violation of the city ordinance. Appellants maintain it was improper to order them to return the excavated area to its original contour and condition, and to reseed the area. Section 1135.02 of the Village of Powell ordinances provides in pertinent part:
 no * * * work shall be started on [any building] nor shall any building, structure, or land be established or changed in use without a certificate therefor, issued by the zoning administrator. (Emphasis added).
In the February 10, 1998 hearing in front of the Board of Zoning Appeals, appellant, Mr. Barton, admitted he had used the area as a driveway. Mr. Barton further explained he had not used the area as a driveway since sometime in 1997, after being informed of the need for a permit. In fact, appellants' application for a driveway was previously denied by the Historic District Commission. In its decision affirming the administrative appeal, the trial court stated: Gravel was placed in the excavation; it appears to be a driveway although the Barton's do not utilize it as a driveway. No vehicles are parked in that area. Whether the excavation is a driveway or not, it constitutes a change in use which requires a zoning certificate in accordance with Section 1135.02 of the Powell Code.
We agree. Our review of the record indicates the trial court's decision was based on reliable, probative and substantial evidence appellants had changed the use of the property without a permit. We now turn our attention to the appeal from the permanent injunction. In its Judgment Entry filed August 28, 1998, the trial court ordered appellants to return the excavated driveway area to its original contour and topographical shape and to seed the area with grass seed. While we agree with the trial court appellants need a change of use permit to use the land as a driveway, we find no statutory authority to order the area restored to its original condition. The Zoning Code does not prohibit replacing grass with gravel or cement as long as it does not interfere with drainage. It merely prohibits a change in use without a certificate. Accordingly, we find the third assignment of error from the permanent injunction well taken.
 DIRT MOUNDS
Finally, appellants take issue with the trial court's orders relative to the dirt mounds on the property. Apparently, when excavating the property for the driveway and/or for a new sewer line, appellants left mounds of dirt on the property. The Board of Zoning Appeals found a violation, stating the mounds interfered with proper drainage. Appellants argue the trial court erred in ordering the removal of dirt mounding above six inches on their property. Further, appellants argue the trial court erred in affirming the Board of Zoning Appeals' decision concerning the dirt mound. At trial, Mr. Robert Schutz, Director of Public Services for the Village of Powell testified as follows:
* * *
 Earthen mounding and plywood obstructions have been placed along the west and south portions of the property, tending to impede the water flow that wants to move again from west to northeast. It is my contention and its been my contention in writing that [appellants' property] impedes the natural flow of the water.
* * *
T. at 79.
Mr. Schutz presented essentially the same testimony at the February 10, 1998 hearing before the Board of Zoning Appeals. Section 1145.25 of the Powell Codified Ordinance provides in pertinent part: In no event shall any person interdict or interfere with any existing tile or service drain channel unless it is determined that such tile or channel can be removed or relocated without interfering with the drainage or adjacent properties.
We find the trial court had reliable, sufficient, and probative evidence upon which to base its conclusion. Mr. Schutz testified at both the Board of Zoning Appeals hearing and at the trial. His testimony, if believed was sufficient to establish the mounding on appellant's property constituted an interference with drainage channels. Finally, as to the permanent injunction which ordered appellants to remove all dirt mounds and provide appropriate drainage pipes to allow proper surface drainage, we find no error in the trial court's ordering appellants to return the property to a condition consistent with Section 1145.25 of the Powell Ordinances, supra. Appellants' assignments of error with regard to the dirt mounds are both overruled. The August 28, 1998 Judgement Entry of the Delaware County Court of Common Pleas with respect to Case No. 98CA-E-09-046 (administrative appeal) is affirmed. The August 28, 1998 Judgment Entry of the Delaware County Court of Common Pleas with respect to Case No. 98CA-E-09-045 (permanent injunction) is affirmed in part and reversed in part.
By: Hoffman, J. Wise, P.J. and Gwin, J. concur