OPINION
{¶ 1} Appellants, Michael and Cara Loriz, appeal the decision of the Butler County Court of Common Pleas affirming the decision of appellee, Butler County Board of Zoning Appeals ("BZA"), granting appellee, Charles Keller ("Keller"), a conditional use permit to operate a commercial hunting range. We affirm the decision of the lower court.
 {¶ 2} In July 1995, appellants purchased 45 acres of property in Butler County adjacent to Keller's property. Appellants built a 5,000 square foot home on the property.
 {¶ 3} In September 1995, Keller approached appellants and informed them of his intention to open a commercial hunting range on his property with his business partner, Michael Simmons ("Simmons"). However, Keller's financial backers reconsidered and the commercial hunting range was not opened.
 {¶ 4} In 2001 Keller erected a sign advertising his business, Ridgewind Quail Farm. Keller raises pheasants, quail, partridge and ducks and allows hunters to hunt the farm-raised birds. On February 28, 2001, Keller was cited for running a commercial hunting business on his property. The BZA affirmed the violation order. Keller then applied to the BZA for a conditional use permit to operate a commercial hunting range on his property. A hearing was held on July 17, 2001. The BZA granted the conditional use permit with several conditions.
 {¶ 5} Appellants appealed the granting of the conditional use permit to the Butler County Common Pleas Court. The common pleas court remanded the matter to the BZA with orders to hear additional testimony and to submit written findings of fact to the common pleas court. The BZA heard additional evidence on February 4, 2003. Following the hearing, the BZA filed "Conclusions of Fact" with the common pleas court.
 {¶ 6} On April 11, 2003, the common pleas court affirmed the BZA's decision to grant Keller a conditional permit for a commercial hunting range. Appellants appeal the common pleas court's decision raising two assignments of error:
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "The July 17, 2003 [sic] BZA Hearing was not conducted in accordance with Ohio Law."
 {¶ 9} Appellants argue that the July 17, 2001 hearing was not conducted as an adjudicatory hearing. Appellants maintain that "the hearing was conducted as a non-evidentiary, public political meeting, at which any member of the public could speak, regardless of whether he or she possessed information relevant to the BZA's decision." Therefore, appellants maintain that it was improper to "rely on subjective and unsubstantiated opinions, unsworn testimony, and testimony not subject to cross-examination."
 {¶ 10} The transcript indicates that all witnesses except for two were sworn at the July 17, 2001 hearing. The two witnesses not sworn were attorneys. The Board stated that as officers of the court, "it's not necessary to swear you in." However, appellants never requested that witnesses be sworn in. The "omission of administration of the oath to a witness in a trial or administrative hearing is a waivable error."Dudukovich v. Lorain Metro. Housing Auth. (1979), 58 Ohio St.2d 202,206. Where there is no objection to the admission of unsworn testimony at an administrative hearing, any error allowing such evidence is waived and the court must then consider the unsworn testimony as though it were given under oath. Zurow v. Cleveland (1978), 61 Ohio App.2d 14, syllabus. Furthermore, if timely objection is not made "this error is waived throughout the entire proceeding, including the appellate level." Id. Since appellants did not object to the witnesses that were not sworn in, appellants have waived this issue.
 {¶ 11} Appellants also argue that they were not permitted to cross-examine witnesses. However, they never asked to cross-examine witnesses during the proceedings before the BZA. Failure to request cross-examination of a witness acts as a waiver. Kandell v. City Councilof Kent (Aug. 2, 1991), Portage App. No. 90-P-2255. Inasmuch as appellants did not "raise the issue of cross-examination during the proceedings before the [BZA], they waived their rights to claim these errors in an appeal to the Common Pleas Court * * * and subsequently to this court." Zurow at 24.
 {¶ 12} Appellants also argue that they were "limited in presenting evidence in ways Keller was not." As an example, appellants argue that their "testimony was limited to five minutes." However, a review of the record demonstrates that Michael Loriz stated at the hearing, "I'd like to, within five minutes if I can, try to give you a little background of the entire-six-year history of my involvement with the case and then go into the safety aspects which I think are very critical from my — from my standpoint." When Loriz concluded he was asked, "do you have any concluding remarks?" Loriz responded, "thank you very much for your time and consideration. And I would ask that you deny this request that's before you." Furthermore, after Simmons testified before the BZA, Loriz was allowed to offer a rebuttal of statements made by Simmons. We find that the appellants were not limited in presenting evidence.
 {¶ 13} The common pleas court found, "after careful consideration of the evidence, [that] the Board of Zoning Appeals' decision is supported by a preponderance of substantial, reliable and probative evidence on the record." A court of appeals is required to affirm the decision of a common pleas court in an appeal of an administrative decision "unless the court of appeals finds, as a matter of law, that the decision of the Common Pleas Court is not supported by a preponderance of reliable probative and substantial evidence." Dudukovich,58 Ohio St.2d at 207.
 {¶ 14} Having examined the record, this court finds that appellants have waived any errors regarding unsworn testimony and testimony not subjected to cross-examination. Furthermore, appellants were not limited in presenting evidence. The decision of the common pleas court is supported by a preponderance of reliable probative and substantial evidence, and the common pleas court did not abuse its discretion in finding as it did. The first assignment of error is overruled.
 {¶ 15} Assignment of Error No. 2:
 {¶ 16} "The court of common pleas erred in upholding the conditional use permit to operate a commercial hunting range because the BZA's decision was unreasonable and unsupported by the preponderance of substantial, reliable, and probative evidence."
 {¶ 17} Appellants argue that "even if the Common Pleas Court were permitted to consider the unsworn and uncross-examined [sic] evidence submitted at the July 17, 2001 hearing, the court still erred in upholding the BZA's decision because Keller's evidence was overwhelmed by the evidence submitted by the Lorizes."
 {¶ 18} A common pleas court should not substitute its judgment for that of an administrative board, such as the board of zoning appeals, unless the court finds that there is not a preponderance of reliable, probative and substantial evidence to support the board's decision. Kisilv. City of Sandusky (1984), 12 Ohio St.3d 30, 34. Furthermore, the common pleas court "must give due deference to the administrative agency's resolution of evidentiary conflicts." Budd Co. v. Mercer (1984),14 Ohio App.3d 269, 273-4. The common pleas court found, "after careful consideration of the evidence, [that] the Board of Zoning Appeals' decision is supported by a preponderance of substantial, reliable and probative evidence on the record."
 {¶ 19} An appellate court's review of an administrative decision is more limited than that of a common pleas court. Pons v. Ohio State Med.Bd., 66 Ohio St.3d 619, 621, 1993-Ohio-122, rehearing denied (1993),67 Ohio St.3d 1439. In Pons, the Ohio Supreme Court noted:
 {¶ 20} "While it is incumbent on the trial court to examine the evidence, this is not a function of the appellate court. The appellate court is to determine only if the trial court has abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for [that of an administrative agency] or a trial court. Instead, the appellate court must affirm the trial court's judgment." Id. See, also, Hal Artz Lincoln-Mercury, Inc. v. Ford MotorCo., Lincoln-Mercury Div. (Sept. 24, 1992), Franklin App. No. 91AP-1493, motion to certify overruled, 66 Ohio St.3d 1459. After reviewing the common pleas court's decision, we find that the lower court did not abuse its discretion as there was evidence in the BZA findings supporting its decision.
 {¶ 21} Appellants also argue that the transcripts of the hearing are inaccurate as words are "randomly misstated and omitted." Therefore, appellants argue that the decision should be vacated and remanded for a new hearing so that an accurate record of testimony can be made.
 {¶ 22} Pursuant to R.C. 2506.03, which deals with the hearing of an appeal from an administrative decision, "[t]he hearing of such an appeal shall proceed as in trial of a civil action, but the court shall be confined to the transcript as filed pursuant to section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that "[t]he transcript does not contain a report of all evidence admitted or proffered by the appellant."
 {¶ 23} We have reviewed the transcripts and found that the gaps are not so extensive that the gist of the arguments and testimony cannot be ascertained. Franklin Twp. v. Marble Cliff (1982), 4 Ohio App.3d 213,216. See, also, BP Oil Co. v. Dayton Bd. of Zoning Appeals (1996),109 Ohio App.3d 423, 436. Consequently, the second assignment of error is overruled.
 {¶ 24} Judgment affirmed.
YOUNG and POWELL, JJ., Concur.