GIBRALTAR MAUSOLEUM CORPORATION, Appellant,

v.

CITY OF TOLEDO et al., Appellees.

[Cite as *Gibraltar Mausoleum Corp. v. Toledo* (1995), 106 Ohio App.3d 80.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L-94-240.

Decided Aug. 25, 1995.

*Thomas G. Pletz, John F. Hayward* and *Dean E. Weaver,* for appellant.

*Mark S. Schmollinger,* Director of Law, and *Gary R. Taylor,* for appellee.

GLASSER, Judge.

This is an appeal from a judgment of the Lucas County Court of Common Pleas which, on administrative appeal, reversed the decision of the Toledo City Council denying appellant's application for a special use permit and remanded the matter for proceedings pursuant to the requirements of R.C. Chapter 2506.

The facts relevant to the issues raised on appeal are as follows. On January 19, 1993, appellant, Gibraltar Mausoleum Corporation, applied to appellee, city of Toledo, for a special use permit, which would allow appellant to construct a mortuary and funeral home on a two-acre site located within the Ottawa Hills Memorial Park in the city of Toledo, an area owned by appellant.

Appellant's application was referred to the Toledo Plan Commission which, following a public hearing, recommended that Toledo City Council approve the special use subject to certain conditions. The request then went before Toledo City Council's Committee of the Whole on Zoning and Planning for an open hearing on April 14, 1993. The committee heard from numerous individuals, but refused to take sworn testimony. The committee reported the matter to the full Toledo City Council without a recommendation. That body rejected the application by a vote of six to one, with one abstention.

Pursuant to R.C. Chapter 2506, appellant appealed Toledo City Council's rejection of its request for a special use permit to the Lucas County Court of Common Pleas. Appellant asserted that council's refusal to take sworn testimony tainted the proceedings, that its reliance on unsworn testimony resulted in rejection of the application and that the decision was not supported by a preponderance of reliable and probative evidence. Additionally, appellant argued that council's rejection of the application was arbitrary, capricious and contrary to law and was based on facts extrinsic to established criteria for the issuance of such a permit contained in the Toledo Municipal Code.

In a decision based on appellant's first argument, the trial court found that Toledo City Council's hearing on this matter was deficient in three respects: unsworn testimony was presented contrary to R.C. 2506.03(A)(3), the transcript of the proceedings did not contain a report of all evidence admitted or proffered by appellant as required by R.C. 2506.03(A)(1), and council failed to file conclusions of fact supporting its decision with the transcript pursuant to R.C. 2506.03(A)(5). Upon reaching such finding, the trial court concluded that it was proper to supplement the record. Further, the court found that, since council's refusal to take sworn testimony resulted in the absence of any evidence by which council could support its decision either to grant or deny appellant's application, it was appropriate to remand the matter to Toledo City Council so that it might conduct another hearing on the application where evidence could properly be

presented. Appellant appeals from this decision, setting forth the following assignments of error:

"1. The Trial Court erred as a matter of law when it failed to order Council to issue the requested special use permit to construct a funeral home and remanded the matter to Council for further proceedings.

"2. The Trial Court erred as a matter of law when it denied Gibraltar's Motion for a New Trial and failed to order Council to issue the requested special use permit to construct a funeral home."

We note at the outset of our analysis that the position of the court of common pleas in an administrative appeal is somewhat unique. If the board, agency or legislative body from which the appeal is brought has conducted its hearing in conformity with R.C. 2506.03, the common pleas court is confined in its review to the record of that proceeding. *Dvorak v. Athens Mun. Civ. Serv. Comm.* (1976), 46 Ohio St.2d 99, 75 O.O.2d 165, 346 N.E.2d 157, syllabus; *Sylvester v. Howland Twp. Bd. of Zoning Appeals* (1986), 34 Ohio App.3d 270, 272, 518 N.E.2d 36, 38. In such an event the common pleas court must affirm the decision at issue unless it determines that it is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04.

However, should the procedural requirements of R.C. 2506.03(A)(1) to (A)(5) not be satisfied by the initiating body, the common pleas court is directed to hear the appeal "upon the transcript and such additional evidence as may be introduced by any party." R.C. 2506.03. The common pleas court must then assess this augmented record, giving due deference to the weight afforded the evidence by the administrative board. *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 12 OBR 26, 29–30, 465 N.E.2d 848, 851–852. This supplementation of evidence, however, does not alter the common pleas court's standard of review to affirm the administrative board's decision absent the court's conclusion that it is deficient in one of the aspects enumerated in R.C. 2506.04.

In reviewing the decision of the court of common pleas, a court of appeals must determine whether the trial court abused its discretion. *Bd. of Edn. of the Rossford Exempted Village School Dist. v. State Bd. of Edn.* (1992), 63 Ohio St.3d 705, 707, 590 N.E.2d 1240, 1241. The term "abuse of discretion" connotes more than just an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 168–169, 559 N.E.2d 1301, 1307–1309.

I

██ Appellant, in its first assignment of error, contests the common pleas court's conclusion that without sworn testimony Toledo City Council was without any substantial, reliable and probative evidence to support any decision on appellant's application.

 As the Supreme Court of Ohio noted in *Arcaro Bros. Builders, Inc. v. N. College Hill Zoning Bd. of Appeals* (1966), 7 Ohio St.2d 32, 33, 36 O.O.2d 18, 19, 218 N.E.2d 179, 180, R.C. 2319.01 provides that testimony of witnesses may be by affidavit, deposition or oral examination. In order to have any evidentiary value, the witnesses' affidavit, deposition or oral testimony must be under oath. *Id.* at 33–34, 36 O.O.2d at 18–19, 218 N.E.2d at 179–180; see, also, R.C. 2317.30. Although the administration of the oath at a trial or at an administrative hearing may be expressly or impliedly waived, when no such waiver is apparent on the record, unsworn testimony cannot provide the preponderance of substantial, reliable and probative evidence necessary to support an administrative decision. *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 206, 12 O.O.3d 198, 201, 389 N.E.2d 1113, 1116.

In the present case, appellant expressly objected to council's refusal to administer the oath to witnesses who appeared at the hearing on appellant's application. There was, therefore, no waiver. Consequently, none of the proffered testimony or proposed exhibits from either the plan commission hearing or the city council hearing may be considered as evidence.[1]

As the common pleas court observed in its decision, deficiencies frequently exist in the record created before local administrative agencies acting in a quasijudicial capacity. This may account for the existence of R.C. 2506.03, which permits parties to supplement the record under certain circumstances, including a lack of sworn testimony.

R.C. 2506.03 is a vehicle to rectify deficiencies in the record of proceedings before the administrative body. In this instance, however, both parties declined to utilize that vehicle and elected to stand on the record, the same record that the common pleas court properly concluded contained insufficient evidence. Having made such a finding, the court then followed the dictates of *Arcaro Bros.*, 7 Ohio St.2d at 34, 36 O.O.2d at 19, 218 N.E.2d at 180, and *In re Rocky Point Plaza Corp.* (1993), 86 Ohio App.3d 486, 621 N.E.2d 566, and remanded the matter to

---

1. Curiously, the only item of evidence satisfying the requirement of an oath is the affidavit of a videographer who produced a taped presentation for the hearing. This affidavit, however, is limited to an attestation of the accuracy of the visual and audio depictions on the presentation tape. The common pleas court specifically rejected the affidavit as not probative and there is no reason to disturb that conclusion.

Toledo City Council for a hearing conforming with the requirements of R.C. Chapter 2506.

The issue was raised as to whether a common pleas court has the authority to remand an R.C. Chapter 2506 appeal to the administrative body for new proceedings. As noted by the Court of Appeals for Summit County, there is a lack of uniformity among courts of appeals on this issue. *Chapman v. Ohio State Dental Bd.* (1986), 33 Ohio App.3d 324, 328, 515 N.E.2d 992, 995–996.

There is a line of cases, including a decision from this court, which holds that the language of R.C. 2506.04 limits a common pleas court's option to remand only so that body to whom the case is remanded may enter "an order, adjudication or decision consistent with the findings and opinion of the court." *Zannieri v. Norwalk Bd. of Bldg. & Zoning Appeals* (1995), 101 Ohio App.3d 737, 740, 656 N.E.2d 711, 713–714; *Mad River Sportsman's Club, Inc. v. Jefferson Twp. Bd. of Zoning Appeals* (1993), 92 Ohio App.3d 273, 277, 634 N.E.2d 1046, 1048–1049; *Sunset Mem. Park v. N. Olmsted* (Sept. 26, 1991), Cuyahoga App. No. 59037, unreported, 1991 WL 191841; *Xetron Corp. v. Butler Cty. Bd. of Zoning Appeals* (July 25, 1988), Butler App. No. CA87–12–163, unreported, 1988 WL 76814; *Ruggiero v. Brooklyn Bd. of Zoning Appeals* (App.1964), 95 Ohio Law Abs. 28, 32 O.O.2d 346, 197 N.E.2d 828.

In opposition to these cases are those, upon which the common pleas court relied, which hold that an unlimited remand is an appropriate remedy. *Arcaro Bros.*, 7 Ohio St.2d at 34, 36 O.O.2d at 19, 218 N.E.2d at 180; *Dudukovich, supra,* 58 Ohio St.2d at 207, 12 O.O.3d at 201–202, 389 N.E.2d at 1116–1117; *Zurow v. Cleveland* (1978), 61 Ohio App.2d 14, 22–23, 15 O.O.3d 21, 26–27, 399 N.E.2d 92, 97–98; *Donrey Outdoor Adv. v. Lawless* (May 9, 1989), Franklin App. No. 88AP–662, unreported, 1989 WL 50573. One court of appeals has found it to be reversible error for a common pleas court to fail to make such an unlimited remand. *In re Rocky Point Plaza Corp.*, 86 Ohio App.3d at 496, 621 N.E.2d at 572.

Regardless of the debate over whether the trial court has the authority to remand the case for further proceedings, the ultimate result in the instant matter remains unchanged. In an appeal under R.C. Chapter 2506 from a denial of an application for a special use permit, there is a presumption that the determination of the administrative body is valid. *Libis v. Bd. of Zoning Appeals* (1972), 33 Ohio App.2d 94, 98, 62 O.O.2d 146, 148–149, 292 N.E.2d 642, 645–646. The burden of showing the invalidity of the body's determination rests with the party contesting that decision. *C. Miller Chevrolet, Inc. v. Willoughby Hills* (1974), 38 Ohio St.2d 298, 67 O.O.2d 358, 313 N.E.2d 400, paragraph two of the syllabus; *Talbut v. Perrysburg* (1991), 72 Ohio App.3d 475, 479, 594 N.E.2d 1046,

1048–1049; *Triomphe Investors v. Northwood* (Mar. 13, 1992), Wood App. No. 90–WD–095, unreported, 1992 WL 48527.

Therefore, when appellant failed to avail itself of the opportunity to present supplemental evidence pursuant to R.C. 2506.03, it left the trial court with a record devoid of any evidence other than the ultimate actions taken by Toledo City Council and the Toledo Plan Commission, both of which decisions were made upon unsworn statements. Appellee must prevail on a record in this condition since the trial court properly found that there was neither substantial, reliable or probative evidence before the court to deny the issuance of a special use permit, nor was there substantial, reliable or probative evidence to issue the special use permit. This result places appellant in essentially the same position as the trial court's remand order. Appellant must again persuade the Toledo City Council that its application for a special use permit should be granted.

Accordingly, appellant's first assignment of error is not well taken.

## II

In its second assignment of error, appellant asserts that our decision in *Triomphe Investors v. Northwood, supra,* should have entitled it to a positive ruling on its motion for a new trial. *Triomphe* varies substantially from this matter. In *Triomphe* there was no objection to unsworn testimony at the hearings on the application and additional testimony was presented to the Wood County Court of Common Pleas pursuant to R.C. 2506.03. Thus, the common pleas court and this court had a record containing probative evidence on which to make a decision. Since no such evidence is present in this case, appellant's reliance on *Triomphe* is misplaced and appellant's second assignment of error is not well taken.

On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that the court costs of this appeal be assessed to appellant.

*Judgment affirmed.*

ABOOD, P.J., and SHERCK, J., concur.