Appellants the City of Massillon and the agent for the petitioning landowners seeking annexation to the City of Massillon appeal a judgment of the Court of Common Pleas of Stark County, Ohio, which found it lacked jurisdiction over this matter and found the matter was already pending under another case number before a different trial court. Appellants assign a single error to the trial court:
ASSIGNMENT OF ERROR
 JUDGE SINCLAIR ERRED IN REFUSING TO PERFORM APPELLATE REVIEW UNDER REVISED CODE CHAPTER 2506, AFTER THE BOARD OF STARK COUNTY COMMISSIONERS ISSUED ITS DETERMINATION, PURSUANT TO A REMAND ORDERED BY JUDGE SINCLAIR.
The record indicates the Board of Commissioners denied the petition for annexation of 33.255 acres of land in Tuscarawas Township, Stark County, Ohio. The parties appealed the matter to common pleas court pursuant to Chapter 2506 of the Ohio Revised Code. That appeal came before the trial court under Case No. 1999CC00717. The trial court reviewed the record and then entered a decision remanding the matter to the Board of Commissioners with instructions to take further evidence on certain issues. The Board did so, with all parties apparently participating in the hearing. Thereafter, appellants filed a motion for further review from the decision of the Board of Commissioners in Case No. 1999CV00717, and also filed a separate notice of appeal No. 1999CV02811, which was assigned to a different judge. In the case before us, the court determined in its June 25, 1999, remand, it did not retain jurisdiction for further review. The court found the appropriate procedure would be a new appeal from the decision rendered at the remand hearing. The trial court found that the new case No. 1999CV02811 was only proper forum for the appeal, and that Case No. 1999CV00717 had terminated upon remand. Appellants urge the principles of judicial economy are best served by requiring the original judge who ordered the remand to conduct a further review. Appellee responds that pursuant to R.C. 2506.03, the common pleas court has no authority to remand the matter back to the Board of Commissioners to take further evidence. Appellee cites us to two cases in support, Zannieri v. Norwalk Board of Building and Zoning Appeals (1995), 101 Ohio App.3d 737 and Gibraltar Mausoleum Corporation v. City of Toledo (1995), 106 Ohio App.3d 80. We have reviewed the cases cited by appellee, and they do stand for the proposition the trial court lacks authority to remand for re-hearing and for taking new evidence. However, in each of those cases, one of the litigants appealed the order of remand. Here, neither party has appealed that order, but instead complied with the remand order and participated in the second hearing. Appellees have not filed an appeal or cross appeal on the remand issue in this case. We find the trial court did not err in finding it lacked jurisdiction over this matter. The order of remand did not retain continuing jurisdiction over the matter, and for this reason it was a final appealable order pursuant to Title 2505 of the Revised Code. We find Stark County Common Pleas No. 1999CV00717 had terminated when the time for appeal from the order of remand expired. Likewise, appellant's notice of appeal which initiated Case No. 1999CV02811 invoked the jurisdiction of the court over the new decision of the Board of Commissioners. We find the trial court did not err in determining it lacked jurisdiction over this matter. The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark Count, Ohio, is affirmed.
 _________________ Gwin, P.J.
Wise, J., and Edwards, J., concur