DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Ottawa County Court of Common Pleas that affirmed the decision of the village of Marblehead, Ohio, to remove appellant, Wood J. Holbrook, from his office as village marshal. Finding no abuse of discretion, this court affirms the judgment of the trial court.
 {¶ 2} The facts relevant to the issues raised on appeal are as follows. On August 16, 2004, appellant received written notice from the village of Marblehead Mayor, Jacqueline Bird, that he was suspended with pay pending a disciplinary hearing. A disciplinary hearing was scheduled for September 9, 2004, at the regularly scheduled meeting of the village council. The notice stated that appellant was accused of committing malfeasance in office. Specifically, appellant was accused of improperly conducting a LEADS search without an investigation being conducted or other good cause. LEADS stands for Law Enforcement Automated Data System. It is Ohio's law enforcement computer network with links to, among other things, vehicle and driver's license data banks. Law enforcement personnel are restricted from using the system for any reasons other than those involving criminal investigations. Ohio Adm. Code 4501:21-0-06(B).
 {¶ 3} Appellant was represented by counsel at the hearing. Before the hearing began, counsel requested that the matter proceed to executive session. Mayor Bird posed the first question to appellant asking him if he knew a man named Rick Pierce. Appellant refused to answer the question asserting his Fifth Amendment right against self-incrimination. Mayor Bird advised appellant that his failure to answer would be considered insubordination. Mayor Bird then asked appellant if he had requested a LEADS search on Pierce as part of an official criminal investigation. Once again, appellant refused to answer the question and asserted his Fifth Amendment right.
 {¶ 4} Following the testimony of other witnesses, the court clerk read the findings of fact into the record. According to the findings of fact, appellant, on June 20, 2001, requested a LEADS computerized criminal history report on Rick Pierce, the current boyfriend of appellant's ex-wife. At the time of appellant's request, there was no ongoing criminal investigation of Pierce. Therefore, such action on the part of appellant constituted malfeasance in office.
 {¶ 5} The village council voted to accept the findings of fact and unanimously voted to terminate appellant's employment. Appellant appealed the decision to the Ottawa County Court of Common Pleas which affirmed the council's decision. Appellant now appeals setting forth the following assignments of error:
 {¶ 6} "I. The trial court's decision should be reversed because (1) there is no competent or credible evidence that the mayor complied with the statutory requirement to investigate the matter prior to bringing charges against Holbrook, and (2) individuals who were parties in a pending lawsuit against Holbrook determined the fate of Holbrook's employment.
 {¶ 7} "II. Appellees violated Holbrook's right to due process of law when they found Holbrook insubordinate.
 {¶ 8} "III. The trial court's decision should be reversed because there is no probative, reliable or substantive evidence that Holbrook violated the LEADS requirements and regulations.
 {¶ 9} "IV. The Garrity Rule is inapplicable to the instant Case and its use was detrimental to Holbrook.
 {¶ 10} "V. The LEADS charge against Holbrook is barred by the doctrines of res judicata and waiver.
 {¶ 11} "VI. Holbrook was charged and terminated in retaliation for his successful challenge to appellees' initial termination of his employment and, therefore, Holbrook's constitutional rights have been violated."
 {¶ 12} Initially we note that this court has a limited function in proceedings such as this. As set forth in R.C.2506.01, appeal of a final decision of an administrative body is made to the common pleas court. Appeal of the common pleas court judgment is made to the court of appeals. R.C. 2506.04. When reviewing an administrative appeal brought pursuant to R.C.2506.01, "the common pleas court considers the `whole record,' * * * and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." Henley v. City of Youngstown Bd. of ZoningAppeals, 90 Ohio St.3d 142, 147. Our standard of review is narrow in scope and requires that the common pleas court's decision be affirmed unless we find, as a matter of law, that the decision is not supported by a preponderance of reliable, probative and substantial evidence. Smith v. Granville Twp. Bd.of Trustees, 81 Ohio St.3d 608, 613. (Citations omitted.) "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion. * * * The fact that the court of appeals, or this court, might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so."Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.
(1988), 40 Ohio St.3d 257, 261. An abuse of discretion connotes more than an error of law or judgment; it implies that the action of the trial court was unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 13} In his first assignment of error, appellant contends that the trial court's decision should be reversed because the mayor failed to comply with R.C. 737.171 when terminating appellant's employment. Specifically, appellant contends that it was a violation of R.C. 737.171 to charge appellant with malfeasance without first conducting an investigation.
 {¶ 14} R.C. 737.171 provides:
 {¶ 15} "Except as provided in section 737.162 of the Revised Code, if the mayor of a village has reason to believe that a duly appointed marshal of the village has been guilty of incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, or any other acts of misfeasance, malfeasance, or nonfeasance in the performance of the marshal's official duty, the mayor shall file with the legislative authority of the village written charges against that person setting forth in detail the reason for the charges and immediately shall serve a true copy of the charges upon the person against whom they are made.
 {¶ 16} "Charges filed under this section shall be heard at the next regular meeting of the legislative authority occurring not less than five days after the date those charges have been served on the person against whom they are made. The person against whom those charges are filed may appear in person and by counsel at the hearing, examine all witnesses, and answer all charges against that person.
 {¶ 17} "At the conclusion of the hearing, the legislative authority may dismiss the charges, suspend the accused from office for not more than sixty days, or remove the accused from office.
 {¶ 18} "Action of the legislative authority removing or suspending the accused from office requires the affirmative vote of two-thirds of all members elected to it.
 {¶ 19} "In the case of removal from office, the person so removed may appeal on questions of law and fact the decision of the legislative authority to the court of common pleas of the county in which the village is situated. The person shall take the appeal within ten days from the date of the finding of the legislative authority."
 {¶ 20} R.C. 737.171 does not require the mayor to conduct an investigation before filing written charges. Accordingly, appellant's argument is without merit.
 {¶ 21} Appellant also contends, in his first assignment of error, that he was prejudiced when council members, whom appellant has named in a federal lawsuit, voted on his termination.
 {¶ 22} In a case pending before the United States District Court for the Northern District of Ohio, appellant has brought suit against, among others, Mayor Bird and council members Kukay and Starcher for abuse of process, infliction of emotional distress, defamation, promissory estoppel, interference with employment relationship, wrongful discharge, malicious prosecution, retaliation and civil conspiracy. The case stems from appellant's previous termination in 2003, which the Ottawa County Court of Common Pleas found to be unsupported by substantial, reliable, probative or credible evidence. The court ordered appellant reinstated effective August 16, 2004, the same day he received notice of the charges at issue in this case. Kukay and Starcher accounted for two of five unanimous council votes in favor of appellant's second termination.
 {¶ 23} In Cleveland Bd. of Educ. v. Loudermill (1985),470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494, the United States Supreme Court held that due process for an employee facing termination is satisfied if "some kind of hearing" takes place. This hearing requires only that the employee be afforded notice and the opportunity to respond. Id. "As to the action of an administrative body, there is a presumption of honesty and integrity unless there is a showing to the contrary, `and the party alleging a disqualifying interest bears the burden of demonstrating that interest to a reviewing court.'" Sanger v.Village of Geneva-On-the-Lake (July 13, 1993), 11th Dist. No. 92-A-1743, citing Ohio State Bd. of Pharmacy v. Poppe (1988),48 Ohio App.3d 222.
 {¶ 24} At appellant's termination hearing, he was apprised of the new charges against him and given the opportunity to give his side of the story. He was also given the chance to support that story through the direct and cross-examination of witnesses. Following this hearing a vote was taken. Kukay and Starcher, along with three other council members, voted to terminate appellant. There is no indication from the record and appellant has not shown proof to the contrary that Kukay and Starcher based their decisions on anything other than what information was presented to them at appellant's September 9, 2004 termination hearing. Accordingly, appellant's first assignment of error is found not well-taken.
 {¶ 25} Appellant's second and fourth assignments of error will be addressed together. In his second assignment of error, appellant contends that his rights to due process of law were violated when Mayor Bird found appellant insubordinate for refusing to answer her questions at the hearing. Specifically, appellant contends he was denied his Fifth Amendment right against self-incrimination.
 {¶ 26} In his fourth assignment of error, appellant contends that the United States Supreme Court case, Garrity v. NewJersey (1967), 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562, is inapplicable to his case. In Garrity, Id., police officers under investigation were told that if they declined to answer potentially incriminating questions they would be removed from office, but that any answers they did give could be used against them in a criminal prosecution. The United States Supreme Court held that statements given under such circumstances were made involuntarily and could not be used to convict the officers of crime.
 {¶ 27} A public employer may discharge an employee for refusing to answer questions specifically related to the employee's performance of his or her official duties. City ofWarrensville Heights v. Jennings (1991), 58 Ohio St.3d 20. The United States Supreme Court has consistently held that a public employee may not be forced to choose between making incriminating statements and facing dismissal, since such a choice would effectively negate the Fifth Amendment privilege against self-incrimination. Lefkowitz v. Cunningham (1977),431 U.S. 801, 97 S.Ct. 2132, 53 L.Ed.2d 1, Gardner v. Broderick (1968),392 U.S. 273, 88 S.Ct. 1913, 20 L.Ed.2d 1082. Yet, public employees can be required to answer potentially incriminating questions, so long as they are not asked to surrender their constitutional privilege against self-incrimination. Lefkowitzv. Cunningham, supra, 431 U.S. at 806, 97 S.Ct. at 2136 citingGardner v. Broderick, supra, 392 U.S. at 278-279,88 S.Ct. at 1916. As stated in Jones v. Franklin County Sheriff (1990),52 Ohio St.3d 40, 44:
 {¶ 28} "The privilege against self-incrimination is preserved because a statement by investigators that nothing said at the hearing can be used at a subsequent criminal proceeding effectively immunizes that testimony from later use by a prosecutor. Since use of these statements by the prosecution is barred, by definition no statement made in the hearing can be incriminatory. Thus, it has been held that the employee must answer these specific, narrowly tailored questions or face a possible dismissal for insubordination. (Citations omitted). Since both the public and police officers themselves hold the police officer in a position of honor and respect, it is incumbent upon a police officer to keep his or her activities above suspicion both on and off duty."
 {¶ 29} In the present case, appellant was advised by Mayor Bird at the hearing that:
 {¶ 30} "[I]f you do not answer [the mayor's questions], neither your statements nor any information or evidence, which was gained by reason of such statements, can be used against you in any further criminal proceeding. However, statements may be used against [sic] in relation to further disciplinary action."
 {¶ 31} In that use of appellant's statements by a prosecutor was barred, he was not deprived of his due process rights or his Fifth Amendment right against self-incrimination. Accordingly, appellant's second and fourth assignments of error are found not well-taken.
 {¶ 32} In his third assignment of error, appellant contends that there was no probative, reliable or substantive evidence showing that he violated the LEADS requirements and regulations.
 {¶ 33} As discussed earlier, our standard of review requires us to affirm the decision of the trial court unless we find that the trial court abused its discretion in finding that appellant's termination was supported by a preponderance of reliable, probative and substantial evidence. For its part, the trial court must "give due deference to the administrative resolution of evidentiary conflicts." Univ. of Cincinnati v. Conrad (1980),63 Ohio St.2d 108, 111.
 {¶ 34} At the termination hearing, Marblehead police officer Greg Fultz testified that on June 20, 2001, the date appellant was accused of misusing LEADS, there were no ongoing criminal investigations of Rick Pierce. He testified that the fact that appellant ran a computerized criminal history check on Pierce indicates that "something was started." Fulz, however, testified he could find no evidence of any ongoing investigations of Pierce on June 20. Based on this testimony, we cannot say that the trial court abused its discretion in finding probative, reliable and substantive evidence that appellant violated LEADS procedures. Appellant's third assignment of error is found not well-taken.
 {¶ 35} In his fifth assignment of error, appellant contends that a malfeasance charge against him is barred by the doctrine of res judicata. Appellant contends that when the council attempted to terminate him in 2003, they knew about his alleged misuse of LEADS yet they failed to charge him with any violation related to LEADS. Appellant contends they are now barred from charging him with malfeasance in relation LEADS.
 {¶ 36} The record shows that appellant received written notice of the first set of malfeasance charges against him on January 29, 2003. It was not until February 7, 2003, that the village solicitor found evidence that appellant had improperly used LEADS when a search of appellant's desk revealed a copy of the computerized criminal history report on Pierce that was conducted in 2001. Without addressing the application of res judicata, it is apparent from the record that the village council was not aware of appellant's alleged misuse of LEADS until after they had started proceedings on the initial set of malfeasance charges. Accordingly, appellant's fifth assignment of error is found not well-taken.
 {¶ 37} In his sixth assignment of error, appellant contends that the council brought the instant charges against him in retaliation for his reinstatement following the successful appeal of his 2003 termination. In support, appellant cites Mt. HealthyCity School Dist. Bd. of Edn. v. Doyle (1977), 429 U.S. 274,97 S.Ct. 568, 50 L.Ed.2d 471. This case sets forth a "but for" test for establishing that an employee's exercise of First Amendment rights was violated by employer retaliation. The United States Supreme Court in Mt. Healthy, id., held that the plaintiff first had to show that the employer's dissatisfaction with the plaintiff's exercise of First Amendment protected activity played some role in the employer's decision to discharge him. Once that showing was established, the burden then was on the employer to show that the discharge would have occurred even if no motive to punish the plaintiff for his First Amendment activity had been present. Id. at 287, 97 S.Ct. at 576, 50 L.Ed.2d at 484.
 {¶ 38} The trial court in this case speculated that if appellant had lost his appeal, the council would have had no reason to pursue the LEADS allegations against him. The court, in pertinent part, stated:
 {¶ 39} "While the village's decision to pursue the LEADS charge may have been motivated in part by appellant's decision to appeal his termination, it does not change the fact that the village may bring charges of criminal wrongdoing regardless of whether an individual appeals its previous decision. Thus, appellant's assertion that he was charged and terminated in retaliation for his successful challenge to appellee's initial termination of his employment is unsupported by the application of the "but for" test. As such, this court does not find a violation of appellant's first amendment rights."
 {¶ 40} Finding no abuse of discretion in the court's reasoning, appellant's sixth assignment of error is found not well-taken.
 {¶ 41} On consideration whereof, the court finds substantial justice was done the party complaining and the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Parish, J., concur.