[Cite as *Lampela v. Put-In-Bay*, 2019-Ohio-2476.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

Robert D. Lampela

Appellant

v.

Village of Put-In-Bay, Ohio

Appellees

Court of Appeals No. OT-18-018

Trial Court No. 15 CV 256

**DECISION AND JUDGMENT**

Decided: June 21, 2019

* * * * *

Thomas A. Sobekci, for appellant.

Susan Keating Anderson and Max V. Rieker, for appellees.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Ottawa County Court of Common Pleas which affirmed the decision of appellee to remove appellant from the office of appellee's village marshal.  For the reasons set forth below, this court affirms the judgment of the trial court.

**{¶ 2}** Effective on August 11, 2015, defendant-appellee, Village of Put-In-Bay, Ohio, removed plaintiff-appellant, Robert D. Lampela, from the office of village marshal. Appellee previously brought seven charges against appellant pursuant to R.C. 737.171 arising from criminal charges against appellant for violations of R.C. 2921.13(A)(1), 2921.44(B), and 2903.21(A). These criminal charges were brought by the Ohio Attorney General, who investigated public corruption allegations involving appellant. Separately, this court reversed the trial court's sole conviction of appellant for disorderly conduct. *State v. Lampela*, 2016-Ohio-8007, 67 N.E.3d 836 (6th Dist.).

**{¶ 3}** Appellant timely appealed appellee's decision to the Ottawa County Court of Common Pleas pursuant to R.C. 2506.01(A). Following a two-day "bench trial" pursuant to R.C. 2506.03, the common pleas court affirmed appellee's decision on April 3, 2018.

**{¶ 4}** Appellant then filed this appeal setting forth two assignments of error:

I. The trial court erred when it failed to conduct the evidentiary analysis required by O.R.C. § 2506.04 and to generate an entry capable of review by the Court of Appeals, because the trial court's Decision and Judgment Entry provides inadequate analysis to permit an appellate court to provide meaningful review of the decision. Decision And Judgment Entry at 1-3.

II. The trial court erred in finding the decision of the Village to be supported by a preponderance of reliable, probative, and substantial evidence. Decision And Judgment Entry at 3.

# I. Standard of Review

{¶ 5} We review a decision by a common pleas court on appeal from a final administrative order for a question of law. *Stanton v. Jerusalem Twp.*, 6th Dist. Lucas Nos. L-13-1197, L-14-1070, 2015-Ohio-463, ¶ 4; R.C. 2506.04 ("The judgment of the court may be appealed by any party on questions of law * * *."). We review a question of law de novo. *Cleveland Clinic Found. v. Bd. of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161, ¶ 25.

{¶ 6} Courts of appeals do not review the supportive evidence of the administrative agency's decision; rather, we exclusively look to the supportive evidence of the decision by the common pleas court. *Id.* at ¶ 27. We lack the common pleas court's power to weigh the evidence and are "more deferential to the lower court's decision." *Id.* at ¶ 25. A lower court's failure to explain its rationale or to identify supporting evidence is not fatal unless we find, as a matter of law, the lower court's decision "was unsupported by the required evidence." *Id.* at ¶ 28.

{¶ 7} "Within the ambit of questions of law for appellate-court review is whether the common pleas court abused its discretion." *Independence v. Office of the Cuyahoga Cty. Executive*, 142 Ohio St.3d 125, 2014-Ohio-4650, 28 N.E.3d 1182, ¶ 14. Abuse of discretion "'connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). We must affirm unless, as a matter of law, we find "that the trial

3.

court's decision is not supported by a preponderance of reliable, probative, and substantial evidence." *Independence* at ¶ 14.

{¶ 8} "[P]reponderance of evidence means the greater weight of evidence. * * * The greater weight may be infinitesimal, and it is only necessary that it be sufficient to destroy the equilibrium." *Travelers' Ins. Co. v. Gath*, 118 Ohio St. 257, 261, 160 N.E. 710 (1928).

{¶ 9} In citing to The American Heritage Dictionary (1981), the Ohio Supreme Court stated, in reference to analogous R.C. 119.12 language, that reliable evidence "is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true." *Our Place, Inc. v. Ohio Liquor Control Comm.*, 63 Ohio St.3d 570, 571, 589 N.E.2d 1303 (1992). Probative evidence "is evidence that tends to prove the issue in question; it must be relevant in determining the issue." *Id.* Substantial evidence "is evidence with some weight; it must have importance and value." *Id.*

{¶ 10} "[S]hould the procedural requirements of R.C. 2506.03(A)(1) to (A)(5) not be satisfied by the initiating body, the common pleas court is directed to hear the appeal, 'upon the transcript and such additional evidence as may be introduced by any party.'" *Gibraltar Mausoleum Corp. v. Toledo*, 106 Ohio App.3d 80, 84, 665 N.E.2d 273 (6th Dist.1995), citing R.C. 2506.03. "The common pleas court must then assess this augmented record, giving due deference to the weight afforded the evidence by the administrative board. This supplementation of evidence, however, does not alter the common pleas court's standard of review to affirm the administrative board's decision 4.

absent the court's conclusion that it is deficient in one of the aspects enumerated in R.C. 2506.04." *Id.*

{¶ 11} "In sum, the standard of review for courts of appeals in administrative appeals is designed to strongly favor affirmance. It permits reversal only when the common pleas court errs in its application or interpretation of the law or its decision is unsupported by a preponderance of the evidence as a matter of law." *Cleveland Clinic*, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161, at ¶ 30. As the Eighth District stated in *Austin v. Cuyahoga Metro. Hous. Auth.*, 8th Dist. Cuyahoga No. 107247, 2019-Ohio-636, ¶ 23:

> Because R.C. 2506.04 limits our review to questions of law, there are two fundamental principles that we must adhere to with respect to the evidentiary-based arguments advanced in administrative appeals. On evidentiary matters, appellate courts are limited to reviewing to determine whether the trial court's decision is unsupported by a preponderance of reliable, probative and substantial evidence. * * * "In this context, a reversal 'as a matter of law' can occur only when, having viewed the evidence most favorably to the decision, *there are no facts to support*" the trial court's decision. * * * However, if the trial court considers evidence outside the administrative record by allowing additional evidence under the statutory scheme, the review of those determinations falls under the abuse of discretion standard of review. * * * Importantly, the prohibition on a court of appeals weighing evidence in an administrative appeal means that

the appellate court cannot find that the court of common pleas abused its discretion in the manner in which it weighed evidence. (Citation omitted.)

## II.  Analysis

{¶ 12} We will review appellant's assignments of error together.

{¶ 13} In support of his assignments of error, appellant argues the common pleas court erred by failing to comply with R.C. 2506.04.  Appellant argues the common pleas court's April 3, 2018 decision "contained no meaningful analysis of the case before it" despite the volume of evidence.  Appellant argued R.C. 2506.04 required the common pleas court "to engage in an actual weighing [of] the evidence in the record," and the common pleas court failed to do so.  Appellant further argued such weighing of evidence required the common pleas court to at least "acknowledge relevant parts of the record." The result, argues appellant, makes it impossible for this court to conduct an "adequate review" or a "meaningful review" of the lower court's decision, absent the required "facts and reasoning."  Appellant further argued "it is a stretch to say that any of the charges are supported by evidence which would permit a finding by a preponderance of the evidence, that Lampela is guilty of malfeasance, nonfeasance, incompetency, neglect of duty, or insubordination."  According to appellant, the common pleas court's decision only contained "conclusions, the bases for which were not identified.  There was zero analysis, no resolution of disputed testimony."  Appellant concedes, this court "must determine for itself whether the trial court's Decision and Judgment Entry is adequate to permit this Court to conduct an appropriate review."

6.

{¶ 14} In response, appellee argues the common pleas court did not err. Appellee argues *Holbrook v. Village of Marblehead*, 6th Dist. Ottawa No. OT-05-033, 2006-Ohio-1397 is a controlling, similar case of a village marshal's removal pursuant to R.C. 737.171. Appellee further argues this court's decision "was the correct decision in 2006 and, applying the same principles and same standard of review today, must result in the same affirmance in the case involving Lampela." Appellee argues the common pleas court identified in its decision the evidence supporting its decision. "After a two day trial, the trial court rendered a thorough decision that set forth each of the charges, articulated the evidence if [sic] found to be in support of these charges, and applied the correct legal standard in upholding the Village Council's decision." Appellee further argues the common pleas court did not abuse its discretion because both "the Village Council and the trial court concluded that ample, reliable, probative, and substantial evidence existed to remove Lampela from the position of police chief." According to appellee, appellant "has lost all trust and credibility with both the Village administration and the public," and his ability to testify as a State's witness "which is a fundamental and indelible requirement of all sworn peace officers in Ohio" is "called into serious question" and "effectively disqualified from continuing in the area of law enforcement."

{¶ 15} It is well-settled that a court of record generally speaks only through its journal. *Schenley v. Kauth*, 160 Ohio St. 109, 111, 113 N.E.2d 625 (1953). The common pleas court's journalized decision at issue is in the record for our review and states its conclusions of fact as follows:

7.

This cause comes before this Court on appeal from the decision of the Village of Put-in-Bay terminating the employment of Robert D. Lampela. A hearing was held and Briefs were submitted. Also before this Court is a Motion to Strike Brief filed by Put-in-Bay.

Appellant Richard Lampela ("Lampela") was employed a Chief of Police for Appellee, the Village of Put-in-Bay ("Village").

On February 27, 2015, Lampela was charged in the Ottawa County Municipal Court with two counts of violation of R.C. 2921.13(A)(1), one count of violation of R.C. 2921.44(B) and one count of R.C. 2903.21(A). On February 28, 2015, the Mayor of the Village of Put-in-Bay ("Mayor") hand-delivered a letter to [Lampela] regarding criminal charges in Ottawa County Municipal Court. The letter informed Lampela that he was being placed on administrative leave.

On July 2, 2015 the Mayor served upon Lampela "Notice of Charges" informing Lampela that charges had been brought against him pursuant to R.C. 737.171. There were seven charges alleging that Lampela[:] (1) inappropriately pulled a weapon, (2) failed to submit forms to the Bureau of Adult Detention, (3) negligently accounted for police badges, (4) failed to return a police badge pursuant to an order, (5) failed to provide adequate training, (6) conducted himself in a manner which placed the Village in a negative light, and (7) conducted himself in a manner which made it difficult to obtain liability insurance for the Department.

The matter was heard at a regular Village of Put-in-Bay meeting held August 10, 2015. After all of the evidence was heard, council voted to terminate the employment of Lampela.

Regarding [Charge 1], Lampela pulled his weapon out in front of two subordinate officers in March, 2010. After an investigation, it was determined that Lampela's conduct was not proper or safe. As a result, Lampela's firearms instructor certification was revoked by the Ohio Peace Officer's Training Academy. Regarding Charge [2], Lampela failed to submit forms to maintain compliance with the Bureau of Adult Detention for the temporary holding facility located at Put-in-Bay. Regarding Charge 3, Lampela would allow officers to take badges home for the winter and did not get them back; thus, failing to properly complete inventory. Regarding Charge 4, Lampela did not return one of two personal badges issued to him. Regarding Charge 5, the report prepared by the Ohio Attorney General's office opined that Lampela failed to train department staff. Regarding Charge 6, Lampela was the subject of approximately fifty newspaper articles, which were not complimentary to the Village or the Police department. He also failed to respond to media properly and timely; thus placing the Village in a negative light. Regarding Charge 7, the Village's insurance refused to renew its liability policy and the Village was rejected by more than 50 insurance companies when attempting to obtain alternate

liability insurance. The Village was able to obtain insurance, but at a higher rate. This was due to the actions of Lampela.

{¶ 16} The common pleas court's journalized decision then states its conclusions of law as follows:

R.C. 2506.04 provides in part,

If an appeal is taken * * * the court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer of body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court.

In conducting its review, the common pleas court is to give due deference to a township's resolution of evidentiary conflicts, and may not blatantly substitute its judgment for that of the township. [*Snyder v. Beavercreek Twp.*, 2d Dist. Greene No. 2005-CA-53, 2006-Ohio-1612, ¶ 24, citing *Dudukovich v. Lorain Metro. Hous. Auth.*, 58 Ohio St.2d 202, 207, 389 N.E.2d 1113 (1979).] The common pleas court is required to affirm the township's decision if it is supported by a preponderance of reliable, probative, and substantial evidence. *Id.*

**{¶ 17}** The common pleas court's journalized decision then states the final decision as follows:

> In the present case, the Court finds the decision of the Village is supported by a preponderance of reliable, probative, and substantial evidence. The decision of the Village is AFFIRMED. The Motion to Strike is DENIED. (Emphasis sic.)

**{¶ 18}** This court has previously determined that conclusions of fact by a common pleas court reviewing an administrative decision do not require any specific form and may be summary in nature so long as "parties should be informed of the reasons for the decision, and the courts should have something to review." *Niedziewcki v. Swancreek Water Dist.*, 2018-Ohio-2865, 117 N.E.3d 894, ¶ 46-47 (6th Dist.).

**{¶ 19}** We find the record before us contains "something to review," along with information of the reasons for the common pleas court's decision. The record before us shows on October 9, 2015, appellee filed, pursuant to R.C. 2506.02:

> [A] complete transcript of all the original papers, testimony, and evidence offered, heard and taken into consideration in issuing the final order, adjudication, or decision appealed from. The original papers include 29 exhibits enumerated, indexed and organized as shown on the Index thereof and complete verbatim transcript of the August 10, 2015, hearing before Village Council in this matter.

**{¶ 20}** The transcript of the August 10, 2015 hearing shows eight witnesses, subject to cross-examination, provided testimony to the Village Council, and 13 exhibits

were admitted as evidence over nearly five hours. Appellant was represented by counsel. The Village Council then deliberated the matter in executive session. Then in open session, the Village Council voted to terminate appellant's employment by a vote of four in favor, one opposed, and one abstention. Thereafter, appellee issued to appellant a "Notice of Removal" dated August 11, 2015 stating as follows:

> This notice is provided to you to advise you that you have been removed from office effective immediately as a result of the serious charges which were brought against you by the Mayor. Pursuant to ORC 737.171 a hearing on the charges was held before Village Council on August 10, 2015, at which time you were given the right to answer all of the charges against you. After conducting the hearing the council voted to concur with the charges and to immediately remove you from office. The removal was imposed by a two-thirds vote of all members of Village Council, and in accordance with ORC 737.171 and Codified Ordinance 244.06.

{¶ 21} The record further shows the common pleas court, at appellant's request pursuant to R.C. 2506.03, held evidentiary hearings on June 6 and August 1, 2016. During these hearings, the common pleas court heard testimony from six witnesses, subject to cross-examination, and the introduction into the record of 27 exhibits by appellee and 25 exhibits by appellant. Thus, the common pleas court had an augmented record before it when it faced the standard of review to not blatantly substitute its judgment on evidentiary disputes. Ultimately the common pleas court found appellee's decision was supported by a preponderance of reliable, probative and substantial

12.

evidence. We find as a question of law the common pleas court applied the appropriate standard of review pursuant to R.C. 2506.04 when it affirmed appellee's decision.

{¶ 22} R.C. 737.171 states:

> Except as provided in [R.C. 737.162]. if the mayor of a village has reason to believe that a duly appointed marshal of the village has been guilty of incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, or any other acts of misfeasance, malfeasance, or nonfeasance in the performance of the marshal's official duty, the mayor shall file with the legislative authority of the village written charges against that person setting forth in detail the reason for the charges, and immediately shall serve a true copy of the charges upon the person against whom they are made.

> Charges filed under this section shall be heard at the next regular meeting of the legislative authority occurring not less than five days after the date those charges have been served on the person against whom they are made. The person against whom those charges are filed may appear in person and by counsel at the hearing, examine all witnesses, and answer all charges against that person.

> At the conclusion of the hearing, the legislative authority may dismiss the charges, suspend the accused from office for not more than sixty days, or remove the accused from office.

Action of the legislative authority removing or suspending the accused from office requires the affirmative vote of two-thirds of all members elected to it.

In the case of removal from office, the person so removed may appeal on questions of law and fact the decision of the legislative authority to the court of common pleas of the county in which the village is situated. The person shall take the appeal within ten days from the date of the finding of the legislative authority.

{¶ 23} Despite appellant's obvious disagreement with the decisions of the Village Council and the common pleas court, the issue before this court is not to re-weigh the evidence of whether the transcript supported the truth and validity of appellee's decision, but whether as a matter of law the common pleas court's decision was not supported by a preponderance of reliable, probative and substantial evidence. *See Niedziewcki* at ¶ 51. It is immaterial if this court might arrive at a different conclusion than the common pleas court as we "must not substitute [our] judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." *Id.* at ¶ 38, quoting *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St. 3d 142, 147, 735 N.E.2d 433 (2000). This court has previously determined "our standard of review requires us to affirm the decision of the trial court unless we find that the trial court abused its discretion in finding that appellant's termination was supported by a preponderance of reliable, probative and substantial evidence. For its part, the trial court must 'give due deference to the administrative resolution of evidentiary conflicts.'" *Holbrook*, 6th Dist. Ottawa No. 14.

OT-05-033, 2006-Ohio-1397, at ¶ 33, quoting *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 111, 407 N.E.2d 1265 (1980).

{¶ **24**} We have reviewed the entire record and do not find, as a matter of law, the decision of the common pleas court was unsupported by a preponderance of reliable, probative, and substantial evidence. We do not find the common pleas court's attitude was unreasonable, arbitrary or unconscionable in its appellate review of the decision by appellee to remove appellant from the office of village marshal. We find no abuse of discretion as a question of law when the common pleas court affirmed appellee's decision.

{¶ **25**} Appellant's first and second assignments of error are not well-taken.

### III.  Conclusion

{¶ **26**} On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.       _____
                                            JUDGE

Thomas J. Osowik, J.         
CONCUR.                      _____
                                            JUDGE


Gene A. Zmuda, J.          _____
CONCURS AND WRITES                  JUDGE
SEPARATELY.

**ZMUDA, J.,**

{¶ 27} I agree with the majority's conclusion that the trial court did not abuse its discretion when it affirmed appellee's removal of appellant from office, a decision that was supported by a preponderance of reliable, probative, and substantial evidence. I write separately to address appellant's contention that the trial court's analysis in its written decision was insufficient to permit this court to conduct a meaningful review.

{¶ 28} Under R.C. 2506.04, a trial court is required to make factual and legal determinations based upon an examination of the substantial, reliable and probative evidence contained in the record. *Dudukovich v. Lorain Metro. Hous. Auth.*, 58 Ohio St.2d 202, 207, 389 N.E.2d 1113 (1979). A trial court need not provide a detailed decision in an administrative appeal. *Warrensville Ctr., Inc. v. Warrensville Hts.*, 20 Ohio App.3d 220, 222, 485 N.E.2d 824 (8th Dist.1984). However, "for an appellate court to conduct a meaningful review, sufficiently detailed reasoning should be specified in the trial court's order." *Cross v. A-Best Prods. Co.*, 8th Dist. Cuyahoga No. 90388, 2009-Ohio-2039, ¶ 22.

{¶ 29} In *Vang v. City of Cleveland*, 8th Dist. Cuyahoga No. 104994, 2017-Ohio-4187, the Eighth District considered the trial court's review requirements in the context of an argument analogous to appellant's in the present case. There, the trial court's opinion contained

> no analysis whatsoever of the evidence in the record. It does not discuss
> any relevant testimony, does not identify what evidence the trial court
> found important or credible in affirming the Board, and does not provide

16.

any analysis applying the relevant law to the evidence presented to the Board. It simply finds that the Board's decision 'was supported by a preponderance of reliable, probative, and substantial evidence' and that it was not 'unconstitutional, illegal, arbitrary, capricious, or unreasonable.'"

*Id.* at ¶ 11.

Given the absence of any analysis contained in the trial court's decision, the Eighth District found that it could not determine whether the trial court fulfilled its review obligations under R.C. 2506.04. *Id.* at ¶ 13. Consequently, the court reversed the trial court's judgment and remanded the matter for the court to prepare a decision that contained the analysis required under R.C. 2506.04. *Id.* at ¶ 14.

{¶ 30} In the present case, appellant cites *Vang* in support of his argument that the trial court's decision inadequately analyzed the issues before it. However, the trial court's decision in this case differs from the decision in *Vang* in its analytical scope. Here, the trial court's decision identified the evidence that was contained in the record, and tied the evidence to each of the charges that appellee relied upon to justify its decision to remove appellant from office. The court cited the law that is relevant to this case, and then found that appellee's decision to remove appellant was supported by a preponderance of reliable, probative, and substantial evidence.

{¶ 31} While the trial court's application of the relevant law to the evidence contained in the record was set forth in summary fashion, its reasoning could be gleaned from the manner in which the court articulated the facts. A review of the trial court's decision reveals that the trial court found that the record substantiated the claims asserted

17.

against appellant by appellee. In particular, the trial court found that appellant pulled his weapon in an improper and unsafe manner, failed to submit paperwork that was required by the Bureau of Adult Detention, failed to properly maintain police badges or return his own badge upon demand, failed to train department staff, failed to respond to media in a manner that reflected poorly on appellee, and engaged in conduct causing an increase in appellee's insurance rates.

{¶ 32} In light of the evidence set forth in the trial court's decision, as well as the trial court's recitation of the relevant law and its application of the law to the facts, I find that this case is factually distinct from *Vang*. While the trial court's decision could have been more thorough in its identification of what evidence it found important, and in its application of the law to that evidence, I find that the decision provides sufficient detail to enable this court to conduct a meaningful review. With this additional analysis in mind, I concur.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.