[Cite as *Stanton v. Jerusalem Twp.*, 2015-Ohio-463.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


Harold Stanton

        Appellee

v.

Jerusalem Township, et al.

        Appellants

Court of Appeals Nos. L-13-1197
L-14-1070

Trial Court No. CI0201302150


**DECISION AND JUDGMENT**

Decided:  February 6, 2015

* * * * *

R. Kevin Greenfield, for appellee.

Patrick Kasson and Melvin Davis; Julia R. Bates, Lucas County
Prosecuting Attorney, Kevin A. Pituch and Karlene D. Henderson,
Assistant Prosecuting Attorneys, for appellants.

* * * * *

**SINGER, J.**

**{¶ 1}** This consolidated, accelerated and administrative appeal is from the Lucas

County Court of Common Pleas in which the court vacated the decision of appellants,

The Jerusalem Township Board of Trustees ("trustees"), to terminate Jerusalem

Township Fire Chief, appellee, Harold Stanton.  For the reasons that follow, we reverse.

{¶ 2} We begin with a review of the undisputed facts. Appellee was the Jerusalem Township fire chief for approximately five years until he was terminated in 2013. In 2011, it came to the attention of the trustees that appellee had allowed an individual, Jim Gray, who was not employed with the Jerusalem Township Fire Department, to assist other firefighters on calls. Expressing concern about the township's exposure to liability, the trustees verbally ordered appellee to prohibit Gray from assisting other township firefighters in any way. Appellee complied with the directive by informing Gray he could no longer assist the department on calls. In 2013, the trustees learned that Gray was again present at a fire call and that he assisted another firefighter. Appellee, who was present at the rather large fire, claimed he did not remember seeing Gray at the site. Nonetheless, Gray's alleged participation led to appellee's termination.

{¶ 3} Appellee appealed his termination and on August 19, 2013, the Lucas County Court of Common Pleas vacated his termination finding that the trustees' decision was illegal and unconstitutional. The court ordered the trustees to reinstate appellee to his former position and to reimburse him for all lost wages and benefits. The trustees now appeal setting forth the following assignments of error:

> I. The trial court erred as a matter of law by holding that the Jerusalem Township Board of Trustees' decision to terminate Harold Stanton as fire chief of the Jerusalem Township Fire Department was procedurally defective and, therefore, illegal.

2.

II.  The trial court erred as a matter of law by holding that the Jerusalem Township Board of Trustees violated Harold Stanton's right to due process by participating in the removal hearing as witnesses and decision-makers.

III.  The trial court erred by vacating Stanton's removal because the Trustees' decision was support (sic) by a preponderance of reliable, substantial, and probative evidence.

**{¶ 4}** The standard of review for an administrative appeal is set forth in R.C. 2506.04.  It provides:

If an appeal is taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code, the court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record.  Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court.  The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code.

**{¶ 5}** In *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147, 735 N.E.2d 433 (2000), the Ohio Supreme Court further explained how appellate review of an administrative decision by a common pleas court differs from that by a court of appeals.

Construing the language of R.C. 2506.04, we have distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals. The common pleas court considers the "whole record," including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. See *Smith v. Granville Twp. Bd. of Trustees*, 81 Ohio St.3d 608, 612, 693 N.E.2d 219 (1998), citing *Dudukovich v. Lorain Metro. Hous. Auth.*, 58 Ohio St.2d 202, 206-207, 389 N.E.2d 1113 (1979).

**{¶ 6}** In *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984), the court specifically summarized this court's role in administrative appeals.

An appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope and requires that court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence.

4.

**{¶ 7}** In their first assignment of error, the trustees contend that the court erred in finding that their decision to terminate appellee was procedurally defective and therefore illegal.

**{¶ 8}** First, the trial court looked at R.C. 505.38 which addresses the appointment and removal of fire chiefs in townships and states. In pertinent part it states:

> Those appointees shall continue in office until removed from office as provided by sections 733.35 to 733.39 of the Revised Code. To initiate removal proceedings, and for that purpose, the board shall designate the fire chief or a private citizen to investigate the conduct and prepare the necessary charges in conformity with those sections.

**{¶ 9}** The trial court found that because there was no evidence that a private citizen was appointed to investigate the incident leading to his termination, his termination was in violation of R.C. 505.38. While appellee raised this issue in a footnote contained in his reply brief to the trial court, he did not raise it at the administrative hearing. Failure to object or raise an issue at an administrative hearing constitutes a waiver of that error on appeal to the court of common pleas. *Alberini v. Warren Twp. Bd. Trustees*, 11th Dist. No. 4083, 1989 WL 140177 (Nov. 17, 1989). "Ordinarily, reviewing courts do not consider questions not presented to the court whose judgment is sought to be reversed." *Open Container, Ltd. v. CB Richard Ellis, Inc.*, 10th Dist. Franklin No. 14AP-133, 2015-Ohio-85, ¶ 33.

5.

{¶ 10} We find that the trial court erred in considering this issue, much less using it as one of the reasons to vacate the decision of the trustees.

{¶ 11} The trial court also found that the trustees failed to follow the requirements of the Jerusalem Township Personnel Policies and Procedures Manual, specifically, the Township's progressive disciplinary policy. However, the manual clearly states that "discipline *may* be progressive." As the progressive discipline policy is not mandatory, we see no error in the trustees' failure to abide by it.

{¶ 12} For the above reasons, we conclude the trial court's determination that the trustees' termination process was procedurally defective was not supported by a preponderance of reliable, probative or substantial evidence. The trustees' first assignment of error is found well-taken.

{¶ 13} In their second assignment of error, the trustees challenge the trial court's second basis for vacating appellee's termination. The trial court determined that appellee's constitutional right to due process was violated because the trustees served as investigators, prosecutors, witnesses and judges. Once again, appellee did not raise a due process objection at the hearing, nor did he raise this issue on appeal to the trial court. This court has held that the waiver doctrine also applies when parties fail to raise due process objections in administrative hearings. *Abe's Auto Sales v. Ohio Motor Vehicle Dealers Bd.,* 6th Dist. Lucas No. L-07-1165, 2008-Ohio-4739, ¶ 35. For the reasons discussed above, we conclude that the trial court's determination on the issue of

6.

appellee's due process rights was not supported by a preponderance of reliable, probative or substantial evidence. The trustees' second assignment of error is found well-taken.

{¶ 14} In the trustees' third assignment of error, they contend that the trial court erred in vacating appellee's termination because their decision was supported by a preponderance of reliable, substantial, and probative evidence. In light of our disposition of the trustees' first two assignments of error, we need not address this assignment of error. *See* App.R. 12(A)(1)(c).

### Supplemental Assignment of Error

{¶ 15} On September 4, 2013, the trustees appealed, to this court, the trial court's decision vacating appellee's termination. On December 31, 2013, while this instant appeal was still pending, appellee filed a "motion to strike" certain appendices from the trustees' brief alleging those documents were not part of the original trial court record. This court construed appellee's motion as a "motion for correction or modification of the record" and remanded the case back to the trial court for a "determination of whether the record truly disclosed what occurred in the proceedings below." The trial court issued a judgment finding that the appendices were in fact erroneously included as part of the administrative record. The trial court ordered said appendices stricken from the record. The trustees filed a notice of appeal from the trial court's decision. (Court of Appeals case No. L-14-1070). On April 22, 2014, this court consolidated the two appeals.

7.

{¶ 16} While not formally labeling their argument as a supplemental assignment of error, the trustees, in their brief to this court, contend that the trial court erred in striking the appendices. Given our disposition of the trustees' first two assignments of error, we fail to see how the trustees were prejudiced by the trial court's decision to strike the appendices. The final, supplemental assignment of error of the trustees is found not well-taken.

{¶ 17} On consideration whereof, we find that substantial justice was not done the parties complaining. The judgment of the Lucas County Court of Common Pleas is reversed, and the ruling of the Jerusalem Township Board of Trustees is hereby reinstated. Pursuant to App.R. 24, appellee is ordered to pay the costs of this appeal.

Judgment reversed.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　JUDGE
Arlene Singer, J.

　　　　　　　　　　　　　　　　　　　　　　_____
James D. Jensen, J.　　　　　　　　　　　　JUDGE
CONCUR.

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.