[Cite as *Halliday v. Mental Health & Recovery Bd. of Erie & Ottawa Ctys.*, 2018-Ohio-4053.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Kirk Halliday, Ph.D.                              Court of Appeals No. E-18-005

       Appellant                           Trial Court No. 2017 CV 0161

v.

The Mental Health and Recovery Board
of Erie and Ottawa Counties              **DECISION AND JUDGMENT**

       Appellee                             Decided:  October 5, 2018

* * * * *

Geoffrey L. Oglesby, for appellant.

Patrick Kasson, for appellee.

* * * * *

**SINGER, J.**

### Introduction

{¶ 1} Appellant, Dr. Kirk Halliday, Ph.D., appeals from a January 5, 2018 judgment of the Erie County Court of Common Pleas, in which his termination of employment by appellee, the Mental Health and Recovery Board of Erie & Ottawa Counties, was affirmed.  Finding no error in the trial court judgment, we affirm.

## Background

{¶ 2} Appellant was hired as appellee's executive director in April 1993. His duties as director, in relevant part, included communicating with appellee and gaining approval for policy changes, communicating with appellee about executive employees and plans of retirement/termination, supervising employees who wrote and reviewed contracts with agencies, and supervising executive employees to make sure reports and actions were correctly and lawfully completed.

{¶ 3} Appellant claims he never had disciplinary issues until November 2015, when an evaluation done by appellee raised numerous critical comments about his job performance. Complaints began to surface among appellee's members regarding appellant's lack of strategic planning.

{¶ 4} Appellee suspended appellant pending investigation in November 2016. The investigation led to appellant being terminated in February 2017. However, appellee rescinded appellant's termination on March 7, 2017.

{¶ 5} On March 8, 2017, appellee sent appellant a notice of the written charges. The notice listed seven allegations, and appellant was notified that appellee was considering terminating him.

{¶ 6} The seven allegations were: (1) lack of financial oversight; (2) lack of contract management; (3) lack of strategic planning; (4) lack of contractor oversight; (5) lack of employee oversight; (6) lack of integrity; and (7) lack of attendance and time on the job.

2.

**{¶ 7}** Appellee held an administrative hearing to provide appellant an opportunity to be heard and an opportunity to present defenses on March 21, 2017. At the hearing, 15 Board members were present, and both appellee and appellant had counsel present. Appellee presented witnesses and evidence, and appellant's counsel cross-examined the witnesses and also adduced evidence. Most relevant to this appeal, testimony was given by appellant, Lisa Crescimano, Elizabeth Wilber, and Gerhard Gross.

**{¶ 8}** After the hearing, appellee terminated appellant, and appellant appealed the decision to the trial court. On January 5, 2018, the trial court affirmed the termination. The trial court specifically found that appellant had been terminated for cause in accordance with R.C. 340.04, and that the termination was not unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. Appellant timely appealed.

### Assignments of Error

**{¶ 9}** Appellant sets forth the following assigned errors:

I. HALLIDAY WAS TERMINATED CONTRARY TO THE LAW.

II. HALLIDAY WAS TERMINATED BY AN (Sic) BOARD WHO WAS NOT IMPARTIAL.

### Analysis

**{¶ 10}** The standard of review for an administrative appeal is set forth in R.C. 2506.04, as follows:

3.

If an appeal is taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code, the court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code.

{¶ 11} The Supreme Court of Ohio further explained that review of an administrative decision by a common pleas court differs from that by a court of appeals. *Stanton v. Jerusalem Twp.*, 6th Dist. Lucas Nos. L-13-1197, L-14-1070, 2015-Ohio-463, ¶ 5.

{¶ 12} "The common pleas court considers the 'whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." *Id.*, citing *Smith v. Granville Twp. Bd. of Trustees*, 81 Ohio St.3d 608, 612, 693 N.E.2d 219

4.

(1998), and *Dudukovich v. Lorain Metro. Hous. Auth.*, 58 Ohio St.2d 202, 206-207, 389 N.E.2d 1113 (1979).

{¶ 13} "An appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope and requires that court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." *Id.*, citing *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984).

**Assignment of Error No. I**

{¶ 14} In his first assigned error, appellant argues the trial court abused its discretion by terminating his employment without reasonable basis. Appellee contends the trial court's legal and factual determinations were not arbitrary or capricious.

{¶ 15} R.C. 340.04 provides, in pertinent part, as follows: "[t]he board, by majority vote of the full membership, may remove the director *for cause*, upon written charges, after an opportunity has been afforded the director for a hearing before the board on request." (Emphasis added.).

{¶ 16} "For cause" has been defined according to Black's Law Dictionary, as follows: "[w]ith respect to removal from office 'for cause,' means for reasons which law and public policy recognize as sufficient warrant for removal and such cause is 'legal cause' and not merely a cause which the appointing power in the exercise of discretion may deem sufficient." *See Roth v. Dillard Dept. Stores*, 8th Dist. Cuyahoga No. 65903, 1994 Ohio App. LEXIS 1077, *8 (Mar. 17, 1994), citing *State ex rel. Nagle v. Sullivan*, 98 Mont. 425, 40 P.2d 995 (1935), and Black's Law Dictionary, P. 584 (5 Ed. Rev.1979).

5.

{¶ 17} The terms "for cause" "do not mean removal by arbitrary or capricious action but there must be some cause affecting and concerning ability and fitness of official to perform duty imposed on him." *Id*. at *8.

{¶ 18} "The cause must be one in which the law and sound public policy will recognize as a cause for official no longer occupying his office." *Id*., citing *Napolitano v. Ward*, 317 F.Supp. 79, 81, (N.D.Ill.1970). *See also In re Kerns*, 111 B.R. 777, 789 (S.D.Ind.1990), citing *Day v. United Automobile, Aerospace, & Agricultural Implement Workers,* 466 F.2d 83, 92 (6th Cir.1972) ("A discharge for cause means a discharge for good cause"); *McCallister v. Priest*, 422 S.W.2d 650, 657 (Mo.1968) ("for cause" means legal cause and it must be one which specifically relates to and affects the administration of office and must be restricted to something of a substantial nature).

{¶ 19} In this case, the trial court found that appellee relied on seven separate allegations to support appellant's termination. The court found that a "preponderance of substantial, reliable and probative evidence" supported appellant's termination. The court specifically stated the evidence supported "one or all of three of the seven allegations," and that the evidence established "pursuant to R.C. 340.04 that [appellee] had cause to terminate his employment." The three allegations were faulty financial oversight, faulty employee oversight, and lack of integrity. The trial court judgment expands on these.

{¶ 20} The trial court first found the allegation of faulty financial oversight supported in the record. The trial court found that, based on evidence and testimony at

6.

the hearing, appellant had improperly transferred funds from grant money into appellee's general fund, and that appellee was subjected to five audits in ten years as a result. The court found appellant was fully responsible for overseeing the process of transferring funds, and that he never corrected the action despite having reason to know that his actions were in contravention of state law. This and "other discrepancies in the financial records," according to the trial court, supported that appellant did not properly oversee appellee's finances as a director should.

{¶ 21} Appellant now argues the evidence on which the trial court relied to make the finding of faulty financial oversight was not proper expert testimony. Specifically, appellant challenges the testimony of appellee's CFO, Lisa Crescimano, arguing that there was no testimony about her qualifications and that, as a result, appellee did not meet its evidentiary burden in showing appellant committed faulty financial oversight. Appellant claims expert testimony was required to establish his mismanagement of funds.

{¶ 22} Appellee contends that Crescimano was qualified and that her work responsibilities and qualifications were established at the administrative hearing. Appellee further argues that appellant did not make this challenge in the record below and thus waived it on appeal, and that the Rules of Evidence do not apply to administrative board hearings.

{¶ 23} With regard to Crescimano's expert credentials, the trial court recognized that she was appellee's CFO, had been employed since October 2016, had a Bachelor's Degree and MBA, was an accountant, and had 27 years of experience in public employment.

7.

{¶ 24} We find no error in the trial court admitting Crescimano's testimony, and we dismiss any argument that she was not qualified.

{¶ 25} Further, with regard to the evidence in the record to support appellant's lack of financial oversight, the trial court noted Crescimano's testimony about several instances of faulty financial oversight, one of which was the illegal transferring of funds from grant money into the general fund. Crescimano testified that appellant acted in violation of state law, caused five audits in ten years, caused mistakes of hundreds of thousands of dollars, and caused over $3,000,000 in unencumbered funds.

{¶ 26} We find no error in this judgment with respect to the first allegation, as we find it is supported by reliable, probative and substantial evidence.

{¶ 27} The second allegation the trial court found was faulty employee oversight. Specifically, the court stated appellant should have known audits would result from his actions, and should have instructed employees better to ensure records were lawfully held.

{¶ 28} Appellant asserts on appeal that there was no exhibit or proof offered, and that appellee failed to meet its burden to produce reliable, probative, and substantial evidence.

{¶ 29} Appellee, in response, points to appellant's admission that he was responsible for overseeing employees responsible for appellee's policy and records.

{¶ 30} We find no error in the trial court judgment with regard to this allegation. According to Crescimano, appellant was responsible for employees, and those employees

8.

along with appellant caused mismanagement of funds and flawed financial reports, all in contravention of state law. It was not error to find that Crescimano's testimony provided reliable, probative, and substantial evidence to support this second allegation.

{¶ 31} The third and final allegation was lack of integrity, and the trial court specifically found that appellant improperly amended appellee's sick leave policy and added costs to certain employees' separation benefits.

{¶ 32} Appellant argues on appeal that there is no evidence in the record to question appellant's integrity, and that aside from "testimony that Ms. Kelley left and Ms. Williams and herself received a payout[,]" there was no reason to believe appellant violated law, changed any policy, or made any invalid payments.

{¶ 33} Appellee references the transcript of the administrative hearing, which is not in the appellate record, to point to evidence supporting this third allegation.

{¶ 34} The trial court entry expanded on the relevant evidence and pointed out that testimony of Elizabeth Wilber, Chair of the Board (appellee), supported that appellant violated appellee's bylaws by changing the sick leave policy without following proper procedure. The trial court stated that testimony of Gerhard Gross, a Board member, supported that the changing of the sick leave policy by appellant was a violation of R.C. 124.39(C)(2). The court also found that the amended policy led to financial loss.

{¶ 35} We thus find substantial, reliable and probative evidence supported the third allegation and, in consideration of the findings examined above, the termination of appellant was indeed for cause.

{¶ 36} Accordingly, appellant's first assignment of error is not well-taken.

9.

**Assignment of Error No. II**

{¶ 37} In his second assigned error, appellant argues the trial court committed reversible error by not finding that appellee was disqualified from terminating appellant absent a showing that it was unbiased. Appellee contends that the second assigned error is not properly before this court, and that appellant does not apply the correct law.

{¶ 38} For support, appellant cites the concurrence of *State ex rel. Fred Stecker Lincoln-Mercury, Inc.*, which states: "[i]t is a fundamental due-process requisite that administrative adjudications must be fair and open." *See State ex rel. Fred Stecker Lincoln-Mercury, Inc. v. Ohio Motor Vehicle Dealers Bd.*, 18 Ohio St.3d 391, 481 N.E.2d 635, 639 (1985). "Fraud, collusion and mistake have all been recognized as grounds for reversal of an administrative decision on appeal." *Id.*

{¶ 39} We note that the rationale explained in *State ex rel. Fred Stecker Lincoln-Mercury, Inc.*, has nothing to do with the question presented here. To be more specific, Chief Justice Celebrezze discussed how "fraud, collusion and mistake" are reasons to reverse an administrative decision, and how if one could prove alleged prejudice on behalf of a board member "due to a stake in the outcome," the decision would be voidable. *Id*. at 639-640.

{¶ 40} In this case, we have no such fraud, collusion or mistake alleged. Appellant specifically argues that appellee was comprised of biased individuals because it had voted to terminate appellant without providing him a hearing, and that the inherent bias was never removed before allowing appellant his hearing and terminating him again.

10.

{¶ 41} Appellee not only points out that appellant failed to raise this argument below, but that the sole issue with respect to a R.C. 340.04 appeal is whether there was cause to terminate the director, not whether there was fraud, collusion or a mistake.

{¶ 42} We note that R.C. 340.04 does afford "a hearing before the board on request" prior to a termination. Nevertheless, here we find appellant was afforded such hearing. The trial court, at the November 17, 2017 hearing, recognized as follows:

> THE COURT: From my understanding of the chronology from the pleadings is that [referring to the pleadings] on March the 18th of 2017 we sent a letter with reasons for the terminations, then there was a hearing on the 21st, and the 22nd there was a termination letter.

> [DEFENSE COUNSEL]: Your Honor, yes, that's what started it, but he had already been terminated, and I'll read you the passage.

{¶ 43} Trial counsel for both appellant and appellee conceded that there was a termination of, rehiring of, hearing for, and another termination of, appellant.

{¶ 44} Accordingly, we agree the record supports appellee first terminated appellant without providing due process and in violation of R.C. 340.04, as he was not afforded a hearing. But the record also supports that appellant was then afforded that hearing.

{¶ 45} Even assuming appellant was not afforded the hearing, we point out that the proper remedy would be to grant one, not order appellant be rehired. Thus, appellant was given the hearing, and we find that affording him such hearing cured appellee's error of first denying appellant due process. Further, and considering we find there was

11.

evidence to support appellant's termination for cause and that it was not arbitrary or capricious action, there is no need for this court to afford appellant additional legal process.

{¶ 46} Therefore, although appellant was certainly entitled to a fair and open administrative process, we fail to see how the record supports that appellant was denied his due process. To the contrary, we find appellant was afforded a hearing and was subsequently terminated for cause in accordance with law. His second assigned error is not well-taken.

**Conclusion**

{¶ 47} The judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

James D. Jensen, J. _____

Christine E. Mayle, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

12.